EDWIN H. HOCHBERG ET AL. *v.* ZONING COMMISSION
OF THE TOWN OF WASHINGTON ET AL.
(8892)
(8904)

DALY, O'CONNELL and CRETELLA, Js.

Argued September 24, 1990—decision released April 30, 1991

*Thomas P. Byrne,* for the appellant (named defendant).

*Robert P. Hanahan,* for the appellant (defendant Woodland Associates, Inc.).

*John W. Pickard,* for the appellees (plaintiffs).

DALY, J. The defendants appeal from the trial court's judgment overruling the defendant commission's issuance of a special permit to the defendant developer, Woodland Associates, Inc.[1] The following facts are undisputed.

On November 13, 1986, the developer applied to the commission for a special permit to construct seventy-four residential condominium units on Route 202 in the town of Washington. The matter was continued several times and the number of units requested was reduced to forty-seven. On March 23, 1987, the commission unanimously approved the construction of the forty-seven units subject to the developer's obtaining approvals from the department of environmental protection, the department of public utility control, the department of health, and the inland wetlands conservation commission. The special permit application was granted also subject to certain conditions: (1) at least 5 percent of the units would be sold for less than

[1] The plaintiffs Edwin H. and Diane E. Hochberg own property abutting that of Woodland Associates, Inc.

$100,000 and at least another 10 percent would be sold for less than $125,000; (2) the deeds of these (15 percent) identified units would contain a restriction specifying these terms[2] and be approved by the commission within sixty days; and (3) the zoning enforcement officer was to monitor these units during the next ten year period and sign off on any sale of the identified units to enforce compliance with these conditions. The commission stated that its goal was to provide a mix of housing types to meet the different needs and financial resources of those persons who live in or desire to live in Washington.

The plaintiffs were deemed to be aggrieved in *Hochberg* v. *Zoning Commission,* 19 Conn. App. 357, 561 A.2d 984 (1989), and appealed the action of the commission. The trial court sustained the plaintiffs' appeal, holding that the commission acted illegally, arbitrarily and in abuse of its discretion in setting a ceiling price on 15 percent of the units. The trial court further found that the commission relied on insufficient evidence regarding the proper density of housing for the existing soil type and acted without prior approval from the health officer of the sewage and water supply systems. The defendants now appeal the trial court's decision.

The defendants argue that the trial court improperly found that the commission had no authority to impose conditions on the granting of a special permit. The defendants assert that the trial court failed to recognize the commission's authority to impose such conditions contained in General Statutes § 8-2. We disagree

---

[2] The deed restriction on the units' prices was to run for a ten year period and would be computed for future sales by considering the following factors: (1) the original purchase price; (2) any major improvements that could be substantiated; (3) an additional amount not to exceed the consumer price index of the United States Department of the Treasury; and (4) 2 percent of the original purchase price per year.

with the defendants and affirm the trial court's decision on this issue. Because our decision on this issue is dispositive of the appeal, we need not address the defendants' other claims.

A special permit allows an applicant to put his or her property to a use that is expressly permitted under the regulations. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 15, 291 A.2d 208 (1971). "[T]he conditions under which a special [permit] is allowed must be found in the regulations and cannot be altered; and if a condition is imposed by a commission without being warranted by the regulations, it is void." Id. Unless the commission has the authority under the Washington zoning regulations to impose the conditions it did, those conditions must fail.

The defendants argue that § 14.7 of the Washington zoning regulations[3] provides the authority to impose such conditions as allowed by General Statutes § 8-2.[4] Section 14.7 authorizes the general police powers of the commission. This authority "to ensure that struc-

---

[3] Section 14.7 of the Washington zoning regulations provides in part: "In an endeavor to ensure that structures and the uses of land are arranged in a manner that enhances the health, safety and general welfare of the citizens of the Town of Washington, the Commission shall inspect and approve all site plans prior to issuance of a permit. The Commission shall determine that the proposed buildings or uses shall be of such character as to harmonize with the neighborhood, to accomplish a transition in character between areas of unlike character, to protect property values in the neighborhood, to preserve and protect natural resources and the appearances and beauty of the community and to avoid undue traffic congestion."

[4] General Statutes § 8-2 provides in pertinent part: "All such regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district, but the regulations in one district may differ from those in another district, and may provide that certain classes or kinds of buildings, structures or uses of land are permitted only after obtaining a *special permit or special exception from a zoning commission . . . subject to standards set forth in the regulations and to conditions necessary to protect the public health, safety, convenience and property values."* (Emphasis added.)

tures and the uses of land are arranged in a manner that enhances the health, safety and general welfare" of town residents is not sufficiently specific to authorize special conditions as to the selling prices of units. Section 8-2, however, permits zoning commissions to enact *"regulations* . . . [that] encourage the development of housing opportunities for all citizens . . . . " (Emphasis added.) The Washington zoning commission has not enacted such regulations that would authorize the special conditions imposed on the defendant developer. These conditions imposed by the commission without being warranted in the zoning regulations are void. See *Beckish* v. *Planning & Zoning Commission,* supra.

"The imposition of a void condition, however, does not necessarily render the whole decision illegal . . . . If the decision is otherwise supported by sufficient grounds as found by the [commission,] a modification of the decision may be decreed with a view toward ending further litigation." *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 354–55, 232 A.2d 916 (1967).

The conditions imposed here concerning the sale prices, deed restrictions, the ten year period of enforcement, and monitoring were an integral and inseparable part of the commission's approval of the special permit, and the commission's decision is not supported by other sufficient grounds. The trial court, therefore, correctly overruled the commission's issuance of the special permit.

The judgment is affirmed.

In this opinion the other judges concurred.