[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial by the defendant Planning and Zoning Commission of East Hartford of a special permit to expand an existing church building in a residential area. The plaintiff, New Testament Baptist Church, is a church corporation operating at 1535-1537 Forbes Road in East Hartford. The current building houses facilities for religious services and a weekday school for grades K-12.
The area is zoned R-2, which allows 1) one family dwellings, 2) home occupations, 3) accessory building and uses, and 4) signs. East Hartford Zoning Regs. § 311 (1992). Other uses CT Page 2593 are allowed by special permit, including churches and schools run by a non-profit organization. § 312.3. The lot in question is a long, narrow strip, abutted on both long sides by two residential subdivisions. Along one short side is Route 2, along the other is Forbes Road. The only entrance into the lot is from Forbes Road. The proposed expansion would approximately double the size of the building, and add a parking lot at the back of the lot.
The Commission held a public hearing on June 9, 1993. At the hearing the plaintiff offered testimony from a number of experts: an engineer, architect, noise expert, landscaper, real estate consultant, plus a written traffic study. Plaintiff also called church members to testify on behalf of the proposal. In opposition to the proposal, a number of residents testified. The main concerns of the neighbors were increased noise from more buses entering via the driveway running along the edge of the property, increased noise from the larger number of students being on site for more hours per day, increased water runoff due to the larger paved area, and increased traffic on Forbes street and adjoining streets. On June 16, 1993, the Commission voted to deny the special permit.
As the owner of the property that was the subject of the special permit application, the plaintiff is aggrieved by the denial of its application. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953
(1991); Bossert Corporation v. Norwalk, 157 Conn. 279, 285,253 A.2d 39 (1968).
The issue in this case is whether the Commission acted properly in denying the special permit. Though plaintiffs originally alleged as grounds for appeal that the denial of the special permit was in violation of their right to religious freedom granted by both the U.S. and Connecticut Constitutions, they abandoned this claim at oral argument.
 I.
When acting upon a special permit, a zoning commission acts in an administrative capacity. Sheridan v. Planning Board,159 Conn. 1, 16, 266 A.2d 396 (1970). The commission's function is to determine whether 1) the proposed use of the property is expressly permitted under the zoning regulations; 2) the standards in the relevant zoning regulations are satisfied; and CT Page 2594 (3) conditions necessary to protect public health, safety, convenience and property values, as required by General Statutes § 8-2, can be established. Housatonic Terminal Corp. v.Planning Zoning Board of the City of Milford, 168 Conn. 304,307, 362 A.2d 1375 (1975).
If a special permit application conforms with the standards in the statutes and the agency's existing regulations, it must approved. A.P. W. Holding Corporation v. Planning ZoningBoard, 167 Conn. 182, 185, 355 A.2d 91 (1974); Daughters of St.Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56,549 A.2d 1076 (1988). A special permit can be denied only for failure to meet specific standards in the regulations, and not for vague, general reasons. DeMaria v. Planning Zoning Commission,159 Conn. 534, 541, 271 A.2d 105 (1970).
A land use agency acting upon a special permit application must give reasons for its decision. General Statutes § 8-3c. Facts supporting the agency's decision may include knowledge acquired by commission members through personal observation of the site, or through personal knowledge of the area involved in the application. Oakwood Development Corporation v. Zoning Boardof Appeals, 20 Conn. App. 458, 460, 567 A.2d 1260, cert. denied,215 Conn. 808, 576 A.2d 538 (1990). The credibility of witnesses is a matter entrusted to the discretion of the commission.Spectrum of Connecticut, Inc. v. Planning Zoning Commission,13 Conn. App. 159, 163, 535 A.2d 382 (1988). If the Commission does not make a formal statement, then any reasons stated by the Commissioners on the record may be considered the basis for the formal decision. Beit Havurah v. Zoning Board of Appeals of theTown of Norfolk, 177 Conn. 440, 445, 418 A.2d 82 (1979), A.P.W.Holding Corp. v. Planning and Zoning Board, supra,167 Conn. at 186, 355 A.2d 91.
When reviewing a special permit decision, the Court determines whether the reasons given are reasonably supported by the record and pertinent to the zoning regulations. Housatonic TerminalCorp. v. Zoning Board, supra, 168 Conn. at 305-06, 362 A.2d 1375;DeMaria v. Planning Zoning Commission, supra, 159 Conn. at 541,271 A.2d 105. "The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." OakwoodDevelopment Corporation v. Zoning Board of Appeals, supra,20 Conn. App. at 460, 567 A.2d 1260. CT Page 2595
The plaintiff raises two issues on appeal. The first is whether the Commission applied the proper standards in evaluating the plaintiff's application. The second is whether, assuming the proper standards were applied, there is sufficient evidence in the record to support its decision.
 II.
We turn first to the provisions in the East Hartford Zoning Regulations concerning special permits to determine their purpose and applicability to this case. The Regulations have two sections that apply to special permits. Section 312.3 outlines the specific minimal requirements that a permitted use must meet in an R-2 zone:
 312.3 Churches, convents and similar uses and school and colleges operated by a non-profit organization provided that: a. There shall be a minimum lot size of 20,000 square feet. b. No parking or active recreation facilities shall be permitted in any required front or side yard. c. Front and side yards shall be two times the required side and front yards for permitted uses, and d. Not more than 50% of the area shall be occupied by buildings.
There is no dispute that the proposed development by New Testament Baptist Church meets these threshold requirements. The plaintiff argues, however, that because it satisfied the requirements of § 312.3 the Commission was required to grant the permit without further inquiry. The plaintiff's claim is misplaced. The requirements of § 312.3 only determine whether, as a general matter, the proposed use is authorized by the zoning regulations in accordance with the specific criteria set forth in § 312.3. The Commission must also determine whether the proposed use also meets the "conditions necessary to protect the public health, safety, convenience and property values." Housatonic Terminal Corp. v. Zoning Board, supra,168 Conn. at 307, 362 A.2d 1375, citing General Statutes § 8-2. This statutory mandate has been implemented in East Hartford by § 232.1, which sets out the guidelines for the Commission to follow when deciding whether the particular use is to be granted a special permit:
232.1 Special permits shall be granted only where the Planning and CT Page 2596 Zoning Commission finds that the proposed use or the proposed extension or alteration of an existing use is in accord with the public interest, convenience, and welfare after taking into account, where appropriate: a. The nature of the proposed site, including its size and shape and the proposed size, shape and arrangement of structures. b. The resulting traffic patterns and adequacy of proposed off-street parking and loading. c. The nature of the surrounding area and the extent to which the proposed use or feature will be in harmony with the surrounding area.
Plaintiff claims that only the specific requirements of § 312.2 should be used, and that reliance on broad statements of purpose in § 232.1 should not be the basis for denying a special permit. Plaintiff's argument, if accepted, would in effect render § 232.1 meaningless, which was surely not the intent of the legislative body that enacted it. "A fundamental tenet of statutory construction is that statutes are to be considered to give effect to the apparent intention of the lawmaking body. Verrastro v. Sivertsen, 188 Conn. 213, 220,448 A.2d 1344 (1982). When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance. Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 666, 560 A.2d 975 (1989)." (Internal quotation marks omitted.) Winchester Woods Associates v. Planning Zoning Commission, supra, 219 Conn. at 309-10, 592 A.2d 953. Similarly, we presume that the legislature had a purpose for each sentence, clause or phrase in a legislative enactment, that it did not intend to enact meaningless provisions; Zichichi v.Middlesex Memorial Hospital, 204 Conn. 399, 407, 528 A.2d 805
(1987); and that it intended to create a consistent body of law.Warner v. Leslie-Elliott Construction, Inc., 194 Conn. 129, 134,479 A.2d 231 (1984).
The language of § 232.1 specifically commands the Commission to grant permits only when it has found that the proposed use is in accord with the public interest, convenience, and welfare. When making this determination, the Commission may consider such factors as those enumerated in subsections a-d, including the nature of the proposed site, the traffic patterns and the nature of the surrounding area. The Commission, however, is not limited to these three enumerated factors. The directive CT Page 2597 that the Commission consider these factors "where appropriate" is not a limitation of the Commission's scope of inquiry but rather merely illustrative of possible considerations pertaining to the "public interest, convenience and welfare."
Plaintiff is correct in stating that courts cannot uphold a Commission decision based on vague or general regulations. This is particularly true of special permits, since the special permit process is "an end run around the uniformity concept," and decisions based on "broad brush" standards may provide too much discretion to the Commission, leaving open the possibility for arbitrary action. Fuller, Connecticut Practice Book Vol. 9,
§ 33.4, 572. This problem was recently addressed in Whisper WindDev. Corp. v. Planning Zoning Commission, 32 Conn. App. 515
(1993) (Dupont, J., dissenting), in which the Court affirmed the right of a planning and zoning commission to deny a special permit based on general considerations of health, safety and welfare. Accordingly, to the extent that the plaintiff in this case argues that the defendant's decision was based on "broad brush" criteria, its argument is rejected.
Likewise, the plaintiff's reliance on Hochberg v. ZoningCommission of Washington, 24 Conn. App. 526, 589 A.2d 889 (1991), and Powers v. Common Council, 154 Conn. 156, 222 A.2d 337 (1966), is misplaced because the statutory requirements in those cases are substantially different from the East Hartford regulations at issue in this appeal. In Hochberg, the relevant Washington zoning regulation authorized the Commission "to ensure that structures and the uses of land are arranged in a manner that enhances the health, safety and general welfare," Hochberg, supra,24 Conn. App. at 529-30, 589 A.2d 889, but the Commission claimed to be relying on the broad authority granted by § 8-2 to impose the specific conditions at issue. In the absence of implementing regulations, the Court found that the Commission improperly relied on the broad authority of the statute without appropriate standards in their own regulations. The Court in Powers, also reviewing regulations with no specific standards, described the relationship between the authority granted by statute and the guiding standards in local regulations:
 Although § 8-2 of the General Statutes provides that the public health, safety, convenience and property values may be considered in making a determination on a special permit, this is to be done in conjunction with, and not as an alternative to, the standards which the zoning CT Page 2598 regulations themselves must provide.
Powers v. Common Council, supra, 154 Conn. App. at 161. In this instance, the East Hartford regulations provide multiple layers of standards. First, § 312.3 defines permitted uses in an R-2 zone, i.e., the threshold requirements for the proposed use. § 232.1 further defines the standards that the Commission is to apply when considering each application. Rather than instructing the Commission to simply consider the interest in health, safety, convenience and property values, without providing the Commission with any guidelines to apply in specific applications § 232.1 provides specific examples of factors to be considered "where appropriate," such as the configuration of the lot, resulting traffic patterns, and the nature of the surrounding area.
The remaining question, then, is whether the Commission properly applied these standards and whether there was sufficient evidence in the record to support its decision.
 III.
The burden of proving that a permit application is in accord with public welfare is on the plaintiff. Atlantic Refining Co. v.Zoning Board of Appeals, 150 Conn. 558, 561, 192 A.2d 40 (1963). A party challenging the action of a planning and zoning commission bears the burden of proving that the commission acted arbitrarily or illegally. Blaker v. Planning Zoning Commission,212 Conn. 471, 478, 562 A.2d 1093 (1989). Plaintiff has burden of demonstrating that the record does not support the action of the agency. Laufer v. Conservation Commission, 24 Conn. App. 708,715, 592 A.2d 392 (1991).
In concluding that the proposed development would not fit into the surrounding community, the Commission cited air quality, noise, traffic, drainage, and the size of the proposed development. If any one of these reasons is supported in the record, this Court must uphold the Commission's decision.Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732,546 A.2d 919 (1988).
Plaintiff claims that the Commission improperly relied on concerns about traffic volume voiced by neighboring residents, because the town's Zoning Regulations only specify "traffic patterns" as an appropriate criterion rather than "traffic volume CT Page 2599 or congestion." Plaintiff cites Grace Community Church v.Planning and Zoning Commission, 42 Conn. Sup. 256, 615 A.2d 1092
(1992), as authority that a mere increase in volume of traffic is not sufficient to deny a special permit application unless that increase would cause congestion. "The proper consideration for traffic in a zoning context is not whether the use increases traffic volume, but whether it causes a traffic hazard or traffic congestion." Id. at 269 (citations omitted). East Hartford Regulation § 232.1(b) lists the "resulting traffic patterns" as one item to consider when evaluating an application. This is supplemented by § 232.2 which describes the need to submit a plan of development to show that the considerations in § 232.1 are accommodated and that the "special permit use is not likely to create traffic safety or congestion problems." The interpretation of provisions of a zoning ordinance is a question of law for the court. Langbein v. Board of Zoning Appeals,135 Conn. 575, 579, 67 A.2d 5 (1949); Park Regional Corporation v.Town Plan Zoning Commission, 144 Conn. 677, 684, 136 A.2d 785
(1957); Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620,238 A.2d 400 (1968); Donseyar v. Zoning Board of Appeals,164 Conn. 325, 327, 321 A.2d 474 (1973). The function of the court is to determine legislative intent from language in regulations.Weigel v. Planning Zoning Commission, 160 Conn. 239, 246,278 A.2d 766 (1971). The language of the regulations indicates that a special permit use must not unduly effect traffic, whether it be by altering traffic patterns or creating increased traffic volume that results in unwarranted traffic safety or congestion problems. We agree with the plaintiff that a mere increase in volume by itself is not sufficient to deny a special permit, but if the result of that increase is unsafe traffic or congestion problems then the Commission has authority to consider it.
The plaintiff argues that the testimony presented at the hearing was only "concern" over the traffic and that there was no evidence that the proposed development would have an adverse effect on the neighborhood traffic. The plaintiff claims that its uncontroverted expert testimony is sufficient evidence that there would be no impact on traffic in the area. We conclude, however, that the record adequately supports the Commission's decision. The Commission heard substantial testimony about the existing traffic on Forbes Road. This evidence indicated that traffic volume on Forbes Road is heavy enough to cause safety hazards for residents entering Forbes Road at peak hours, particularly north of the site due to a dip in the road, and that traffic generated by the school use would increase this volume, thus increasing the CT Page 2600 traffic hazard. Commission members are entitled to rely upon their own knowledge of the area to confirm the facts that the local residents testified to. Primerica v. Planning ZoningCommission, 211 Conn. 85, 558 A.2d 646 (1989). The credibility of witnesses is within the province of the Commission. Spectrum ofConnecticut, Inc. v. Planning Zoning Commission, 13 Conn. App. 159,163, 535 A.2d 382, cert. denied, 207 Conn. 804, 540 A.2d 373
(1988). The evidence before the Commission supports the defendant's decision to deny the special.
Finally, the Commission also found that the proposed development would have a detrimental effect on the adjacent residential neighborhood. This finding is supported by evidence that the development would result in an increase in traffic and noise and interfere with the privacy of the neighboring residents. This court cannot substitute its own judgment so long as an honest judgment has reasonably and fairly been made after a public hearing. Cameo Park Homes, Inc., supra, 150 Conn. at 677,192 A.2d 886; Stankiewicz, supra, 15 Conn. App. at 731. We find that the record before the Commission contained adequate evidence to support the Commission's decision to deny the special permit.
Accordingly, the plaintiff's appeal is dismissed.
SO ORDERED.
Robert L. Holzberg, J.