[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff, Mahendra Patel, appeals a decision of the defendant, the Board of Zoning Appeals of the City of New Haven ("the Board") granting the application of Jose Fernandez for use variances permitting Fernandez to sell warm beer in a grocery operated by him at premises, owned by Leon Gutierrez, designated as 214 Edgewood Avenue in New Haven.
Fernandez filed his appeal to the Board for variance on or about April 15, 1999. A public hearing on said application was held on May 11, 1999, and at a special meeting, held on May 25, 1999, the Board voted to grant said variances, with conditions. This appeal followed. A hearing on this appeal was held on February 15, 2000, at which the plaintiff was found aggrieved for purposes of standing to take this appeal.
 II
Under the Zoning Ordinance of the City of New Haven ("Ordinance"), Section 63.C., the defendant Board has the authority "in a specific case, to vary the application of any provision of the ordinance," providing certain requirements are met.
The applicant sought variances with regard to Ordinance, S.42.1.C.1 and CT Page 5207 Ordinance, S.42.1.C.2. Both provisions are "distance restrictions".
S.42.1.C.1, entitled "Distance limit to school", provides: "No package permit shall be permitted to locate, relocate or remove to any location where the outside entrance of such location is within 500 feet from the property line of any public or private elementary or secondary school."
S.42.1.C.2, entitled "Distance limit between package permits", provides: "No package permit shall be permitted to locate within 1500 feet of another package permit, except as provided in Section 42.1.D." The term "package permit", as defined in Ordinance, S.42.1.A., includes "a grocery store beer permit".
The applicant sought to vary these provisions to permit grocery beer sales within 420 feet of a school property line — that of Troup Middle School — and to permit such sales within 1200 feet of the Whalley Avenue Package Store, owned and operated by the plaintiff.
 III
Judicial review of the Board's decision is limited to a determination of whether the decision was arbitrary, illegal or an abuse of discretion, Whittaker v. Zoning Board of Appeals,179 Conn. 650, 654. The Board is vested with a large measure of discretion, and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v. Fairfield, 217 Conn. 164,169. Courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution, Burnham v. Planning Zoning Commission, 189 Conn. 261, 266 (citation omitted). There is a strong presumption of regularity in the proceedings of an agency such as the Board, Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 573-74 (citation, quotation marks omitted).
A variance authorizes the landowner to use his property in a manner prohibited by the regulations, Wnuk v. Zoning Board of Appeals,225 Conn. 691, 697 (citation, quotation marks, italics omitted). A request for a variance therefore asserts that the ordinance in question prohibits the proposed use and seeks relief from the requirements of the ordinance. Id. The granting of a variance must be reserved for unusual or exceptional circumstances, Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 206-07 (citations omitted).
"An applicant for a variance must show that, because of some CT Page 5208 peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone," Bloom v. Zoning Board of Appeals, supra, at 207 (citation omitted). Accordingly, a zoning board of appeals is authorized to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for economic gain is the proper basis I for granting a variance, Id., at 207-08 (citations, internal quotation marks omitted).
Where the Commission does state its reasons for a decision the question for the I court pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the zoning regulations, Irwin v. Planning ZoningCommission, 244 Conn. 615, [244 Conn. 619] 629. (citation, quotation marks omitted).
When, as here, the Board acts in an administrative capacity, the evidence to support any such reason must be substantial, Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 540. The "substantial evidence" standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury,Kaufman v. Zoning Commission, 232 Conn. 122, 151. The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence, Samperi v. Inland Wetlands Agency,226 Conn. 579, 588 (citations, internal quotation marks omitted).
 IV
The plaintiff claims the Board acted illegally, arbitrarily and in abuse of discretion in that it failed to find or found without any reasonable evidence that the application met certain of the standards set out in Ordinance, S.63.C., including:
— the zoning regulations allow no reasonable use to be made of the CT Page 5209 property for reasons peculiar to the property and not applicable to the area as a whole (S.63.C.2. (a)); — the variance sought is required to allow a reasonable use of the premises (S.63.C.2. (b));
— the use will not impair the essential character of the area (S.63.C.2. (c);
— there was a difficult or unreasonable hardship presented, to permit the variance of S.42.1.C.1 as to the distance between the premises and the property line of a school;
— there was a difficult or unreasonable hardship presented to permit a variance of S.42.1.C.2 as to the distance between the premises and another package permit;
In addition, the plaintiff claims the Board:
— approved a temporary use variance, when same is not authorized by regulation or statute;
— found a temporary hardship when there was no evidence of hardship.
 V
The defendant Board stated its reasons for granting, with conditions, the variances sought (Exhibit U, Minutes of the May 25, 1999 Special Public Meeting of the Board of Zoning Appeals). After review of the record, the Court finds that the defendant Board, in granting the said variance with conditions, acted without substantial evidence in the record to support its decision. The Court finds that the plaintiff has sustained his burden to show, by a fair preponderance of the evidence, that the Board, in approving the subject application for variances, acted illegally, arbitrarily and in abuse of discretion.
No legal hardship was shown. The applicant's argument, that the operation of a grocery store on the subject property prior to passage of the school distance limit ordinance, S.42.1.C.1., somehow gives rise to a legal hardship, is unpersuasive. The sale of grocery beer, as applicant's counsel conceded, is not a pre-existing, non-conforming use; it is a permitted use in an RM-2 zone. But such use must have been actual to survive the school distance limitation restriction. Macaluso v. Zoning Board of Appeals, 167 Conn. 596, 598. The fact that the subject premises was in use as a grocery store prior to the adoption of S.42.1.C.1 does not support the claim of hardship. Testimony to the effect that, if different standards of CT Page 5210 measurement were used, the grocery would be more than 500 feet from the school does not constitute evidence to support the applicant's claims. Such testimony is irrelevant.
With regard to the application to vary S.42.1.C.2, while the Board found that "the applicant satisfactorily set forth the hardship to enable granting a variance as to distance from . . . another liquor store", there is nothing in the record to support such a finding. Applicant's counsel's remarks, seeking to distinguish a "grocery/beer" from a package store (Exhibit A, Transcript of May 11, 1999, pp. 9-17), even if taken as accurate, do not form a basis for a finding of legal hardship such as to support varying the distance limit between package permits. The applicant's citation to Macalusov. Zoning Board of Appeals, supra., is unavailing. The fact that package store permits and grocery beer permits are authorized by separate paragraphs of General Statutes, Section 30-20, is of no moment here. The authors of Ordinance, S.42.1 chose to include both types of permit in the definition of package permit and to impose a distance restriction between and among package permits. The applicant failed to demonstrate a legal hardship by virtue of the difference between a package store permit and a grocery store beer permit, nor by virtue of the fact that the package store is in a business district while the subject grocery is in a residential district.
Further, there is no support in the record for finding, as required by S.63.C.2. a) that, absent the variance sought, "the zoning regulations allow no reasonable use to be made of the property in question". The property is currently being put to a reasonable use, as a market, and no variance is needed to continue that use.
Again, with no basis in the record, the Board stated it believed "the applicant's hardship will cease to exist, as the Board has information that the school may cease to exist I in that area around May 2000." Impermissibly relying on this information, the Board went on, impermissibly, to approve a "temporary variance", with a condition c.: "Applicant must reapply for the June 2000 meeting of the Board, as the temporary variance is based on a temporary hardship." The applicant joins the plaintiff in challenging said condition, and with good reason. While a board is entitled to take into account its own knowledge of the local conditions, Holt-Lock,Inc. v. Zoning Planning Commission, 161 Conn. 182, 190, participants in the application process are entitled to be informed of said information so as to be afforded the opportunity to be heard.Parsons v. Board of Zoning Appeals, 140 Conn. 290,292-3. The applicant cites no authority in the Ordinance, nor in State statute for the granting of temporary variances. Assuming, CT Page 5211 arguendo, the Board had such authority, no legal hardship has been shown to warrant a variance, temporary or otherwise. Even had the record supported a finding that the requisite standards for grant of a variance had been met, this condition "c" would be void as imposed without authority. A void condition does not necessarily render a variance illegal. Hochberg v. Zoning Commission,25 Conn. App. 526, [24 Conn. App. 526], 530. Rather, the court must determine whether the void condition was an integral part of the approval. Reid v. Zoning Board of Appeals, 235 Conn. 850, 860
(citations omitted). If the condition is found to be integral, then the variance is illegal. If a zoning board would have refused to grant a variance without a particular condition, the condition is an integral part of the variance, Id., at 858. Since it is impossible to tell from the record how, absent the said condition, the Board members would have voted, the condition at issue is deemed an integral part of the decision and the Board's decision is illegal.
Finally, certain findings, e.g., that the applicant was "a tremendous asset to the neighborhood", or that "the applicant should not be prohibited from selling beer based upon society's shortfalls, or an economic/competition argument" — such findings cannot compensate for the failure of the applicant to establish legal hardship and failure to meet the standards set out in Ordinance, Section 63.C.
 VI
The plaintiff has established, by a fair preponderance of the evidence, that the defendant Board, in granting the application for variance at issue, acted illegally, arbitrarily and in abuse of the discretion vested in it.
Accordingly, this appeal is sustained and may enter in favor of the plaintiff, Mahendra Patel.
By the Court, ___________________ Downey, J.