## DAVID F. RAYMOND *v.* ZONING BOARD OF APPEALS OF THE TOWN OF RIDGEFIELD

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued October 5—decided November 22, 1972

*Robert A. Fuller,* with whom, on the brief, was *William R. Curtis,* for the appellant (plaintiff).

*Lawrence Hirsch,* with whom was *Herbert F. Rosenberg,* for the appellee (defendant).

RYAN, J. On February 11, 1970, the plaintiff filed an application with the defendant board for a certificate of approval of the location for a general repairer's license as required by § 14-54 of the General Statutes to conduct such a business at 93 Wilton Road West in the town of Ridgefield, where a gasoline service station was located on the premises. A public hearing was held as provided in § 14-55 of the General Statutes, at which time the plaintiff amended his application to request a limited repairer's license only. The board denied the application on the ground that its approval would constitute an extension of a nonconforming use. From this decision the plaintiff appealed to the Court of Common Pleas. On the dismissal of the appeal the plaintiff appealed to this court.

The plaintiff claims that the trial court erred in dismissing the appeal when the record shows (1) that the plaintiff was a qualified repairer, (2) that the defendant board in 1967 granted a zoning variance for the same premises to allow minor repairs to motor vehicles and (3) the sole reason for not granting the plaintiff's application was that it would amount to an extension of a nonconforming use in violation of the zoning regulations.

No place of business for repairing automobiles shall be established or maintained unless the person establishing or maintaining it has procured from the motor vehicle commissioner a certificate stating that in the opinion of the commissioner the location of such a place of business would not imperil the safety of the public. General Statutes § 14-53. Any person who desires to obtain a license for repairing

motor vehicles shall first obtain from the zoning board of appeals in the town where the property is located a certificate of approval of the location for which such license is desired. § 14-54.

For many years prior to the plaintiff's application, the premises in question had been used for a gasoline service station as a nonconforming use. The site is located in a residence AA zone, in which the operation of a gasoline service station and an automobile repair shop are not permitted uses. On May 17, 1967, Else C. Jensen applied to the defendant board for a variance to permit the improvement, reconstruction and partial relocation of a gasoline station building located at 93 Wilton Road West, together with the improvement of appurtenant facilities to permit the applicant to continue operation of a gasoline station as a nonconforming use. The intended use to be made of the premises was stated as follows: "Sale of gasoline and related products and general business uses ordinarily coincidental with the operation of a gasoline station." On June 14, 1967, the defendant board granted the application for the variance. The plaintiff, a sublessee of the premises, claims that the 1967 variance authorized the improvement of the premises to allow repair facilities and was tantamount to a finding by the defendant board that the premises were suitable for the repair business; that the statutory requirements for a limited repairer's license were satisfied; and that it was error for the defendant board to deny the application on the ground that the approval of the plaintiff's application would constitute an extension of a nonconforming use.

The variance granted in 1967 was not an extension of the nonconforming use to permit repairs. The application was for a variance to permit the ap-

plicant to continue operation of a gasoline station as a nonconforming use for the "[s]ale of gasoline and related products and general uses ordinarily coincidental with the operation of a gasoline station." This language contains no suggestion that the applicant was then seeking permission to engage in the repair of motor vehicles either as a "repairer" or as a "limited repairer" as defined in § 14-51.[1] "The lubricating of motor vehicles, changing of tires and tubes or installing of light bulbs, windshield wiper blades, spark plugs, fan belts or other similar service incidental to the sale of motor vehicle fuels shall not be construed as constituting the holder of a gasoline pump license in this state a repairer under the provisions of this subdivision (D) [of Chapter 246 of the General Statutes]." General Statutes § 14-51. Obviously, the defendant board in granting the variance did so in recognition of this statutory provision which permits certain things to be done "incidental to the sale of motor vehicle fuels" without the requirement of a license as a repairer or limited repairer. There was no finding by the defendant board that the premises were suitable for the business of automobile repairs, nor was any such application made in 1967 for approval of the location as provided in § 14-54.

[1] "[General Statutes] Sec. 14-51. DEFINITIONS. . . . A 'repairer' includes any qualified person, having a suitable place of business and having adequate equipment, engaged in repairing, overhauling, adjusting, assembling or disassembling any motor vehicle, but shall exclude a person engaged in making repairs to tires, upholstering, glazing, general blacksmithing, welding and machine work on motor vehicle parts when parts involving such work are disassembled or reassembled by a licensed repairer. A 'limited repairer' includes any qualified person, having a suitable place of business and adequate equipment engaged in the business of minor repairs, including repairs and replacement of cooling, electrical, fuel and exhaust systems, brake adjustments, relining and repairs, wheel alignment and balancing, and repair and replacement of shock absorbers."

Part IV, Article I, § 17 of the zoning regulations of the town of Ridgefield provides, in pertinent part, as follows: "(1) No non-conforming structure or non-conforming portion of any structure shall be enlarged, and no non-conforming use of any building or premises shall be extended . . . . (2) No non-conforming use shall be changed except to a use permitted under these regulations which shall be of the same or more restricted zone classifications." The rule concerning the continuance of a nonconforming use protects the right of a user to continue only the same use of the property as existed before the date of the adoption of the zoning regulations. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 16, 291 A.2d 208. If the board were to issue a certificate of approval of the location for a limited repairer's license it would be an extension of a nonconforming use and in violation of the zoning regulations. A certificate of approval for a particular use cannot be issued if that use would violate zoning regulations. *Clark Heating Oils, Inc.* v. *Zoning Board of Appeals,* 159 Conn. 234, 241, 268 A.2d 381.

The plaintiff's claim that the record and decision in *Shrobar* v. *Jensen,* 158 Conn. 202, 257 A.2d 806, supports his position that the 1967 variance extended the use of the premises in question to permit minor repairs, is completely without merit and does not warrant discussion.

There is no error.

In this opinion the other judges concurred.