GLADYS FLOCH *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT ET AL.
(13151)

DUPONT, C. J., and LAVERY and HENNESSY, Js.

Argued March 14—decision released June 13, 1995

*Patricia E. Curtin,* for the appellants-appellees (defendants).

*Sharon Bradley Bowler,* with whom, on the brief, was *Austin K. Wolf,* for the appellee-appellant (plaintiff).

HENNESSY, J. The defendants[1] appeal from the judgment of the trial court sustaining the plaintiff's appeal from the planning and zoning commission's approval of a special permit to construct athletic fields on property owned by the town of Westport and located adjacent to the property of the plaintiff. The defendants claim that the trial court improperly found that illegal conditions, attached without the benefit of a vote by the planning and zoning commission, were not severable from the commission's approval and therefore invalidated the approval. We affirm the judgment of the trial court.[2]

The following facts were found by the trial court in its memorandum of decision. The plaintiff, Gladys Floch, owns land abutting Staples High School in Westport. The parks and recreation commission of the town of Westport sought, through an application to the planning and zoning commission, a special permit for the construction of two athletic fields on the property of Staples High School. On October 28, 1992, a public hearing was held on this application, and, at a work session following this hearing, the planning and zon-

---

[1] The defendants are the planning and zoning commission of the town of Westport, the parks and recreation commission of the town of Westport and the town of Westport.

[2] The plaintiff filed a cross appeal, limited to the claim that the trial court improperly failed to find that a conflict of interest existed where a member of the planning and zoning commission was married to a member of the board of one of the applicant entities. In light of our resolution of the defendants' appeal, it is unnecessary to reach this claim.

ing commission approved the application with several stated conditions. Subsequent to this approval, a final resolution was drafted, signed by the commission chairman and filed with the commission's office for public inspection. The final written resolution contained several conditions that had not been part of the approval voted by the commission on October 28, 1992.

The defendants do not quarrel with the trial court's conclusion that several of the conditions of approval included in the final resolution had not been voted on by the planning and zoning commission. The defendants' sole argument is that because these conditions were not the subject of a vote by the commission, they were a nullity from the outset and should have been severed from the original approval and that the approval should not have been overruled on the basis of these illegal conditions. We disagree.

The parties agree that where illegal conditions are attached to a special permit, they do "not necessarily render the whole decision illegal and inefficacious. If there are sufficient grounds to support the remaining action of the commission, which is not contested by the parties, a modification of the decision may be decreed." *Beckish* v. *Planning & Zoning Commission*, 162 Conn. 11, 18, 291 A.2d 208 (1971); *Hochberg* v. *Zoning Commission*, 24 Conn. App. 526, 530, 589 A.2d 889 (1991). The dispositive consideration in determining whether modification or reversal is in order is whether the illegal conditions are an "integral" part of the zoning authority's decision. *Vaszauskas* v. *Zoning Board of Appeals*, 215 Conn. 58, 66, 574 A.2d 212 (1990). "[I]f so, [the commission's decision] even if valid in all other respects, cannot be upheld." Id.; see also *Parish of St. Andrew's Church* v. *Zoning Board of Appeals*, 155 Conn. 350, 354–55, 232 A.2d 916 (1967).

Prior cases discussing the severability of illegal conditions from zoning decisions have involved conditions that were voted on by the zoning authority but were found, on review, to be substantively void or outside the commission's authority to enact. See, e.g., *Beckish* v. *Planning & Zoning Commission*, supra, 162 Conn. 11; *Hochberg* v. *Zoning Commission*, supra, 24 Conn. App. 526. Thus, no prior cases can guide the resolution of this case because here the conditions are claimed to be illegal not because the commission was without authority to impose them, but because the commission did not impose them by voting on them.

The defendants claim that there was a valid approval of the application, and that even though the final resolution included conditions that were not a part of the approval, the illegal conditions, not having been validly enacted, never became a part of the approval. Thus, the defendants would have us conclude that the original approval exists untouched by the illegal conditions and that it was improper for the trial court to do anything more than remove the illegal conditions from the valid approval.

The trial court rejected this analysis and concluded that because the illegal conditions were part of the approval that was filed in the commission's office they are necessarily the "official conditions" and inherently integral to the commission's decision. The trial court reasoned that to hold otherwise would be disingenuous because, in the absence of the plaintiff's appeal, the conditions listed in the final resolution would have been enforced despite the fact that they were not validly enacted. The trial court also noted that both the illegal conditions of the approval in question[3] and the

---

[3] Condition eleven of the approval provides: "This is a conditional approval. Each and every condition is [an] integral part of the Commission decision. Should any of the conditions, on appeal from this decision, be found to be void or of no legal effect then this conditional approval is likewise void. The applicant may refile another application for review."

town's zoning regulations[4] provided that all conditions would be considered integral to a conditional approval and that the failure of any one condition necessarily invalidated the entire approval.

We adopt the trial court's reasoning because it accurately reflects the fundamental principle that a zoning commission's authority to issue a conditional special permit can be legally exercised only by the commission voting on every condition, and not by individual members acting independently. See General Statutes § 8-3c. We conclude that the trial court correctly invalidated the issuance of the special permit.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

[4] Section 43-7.6 of the town of Westport zoning regulations provides: "When the Commission grants a Special Permit or approves a Site Plan with conditions, each and all said conditions shall be an integral part of the commission's decision. Should any of the conditions on appeal from such decision be found to be void or of no legal effect, then the conditional approval is likewise void. The applicant may refile another application for review."

[5] We note that this is an unusual situation, where an abutting landowner, and not the party to be bound, complains of the illegal conditions, especially where the illegal conditions were designed to benefit the complaining landowner. Nevertheless, we find that reversal of the commission's decision is necessary to preserve the integrity of the zoning process.