L AND G ASSOCIATES, INC. *v.* ZONING BOARD OF APPEALS OF THE CITY OF DANBURY
(14356)

Foti, Schaller and Spallone, Js.

Argued January 12—decision released April 2, 1996

*Bruce L. Elstein*, with whom, on the brief, was *Henry Elstein*, for the appellant (substitute plaintiff Kristian J. Taylor).

*Daniel E. Casagrande*, for the appellee (defendant).

SPALLONE, J. This is an appeal from the declaratory judgment of the trial court rendered in favor of the defendant. The substitute plaintiff, Kristian J. Taylor, claims on appeal that the trial court improperly (1) considered the entire public record, rather than considering solely the plain language of the variance certificate in concluding that the variance did not permit construction of an office building on the subject property, (2) created an unreasonable restraint on the alienation of the subject property, and (3) created a restrictive covenant on the subject property.

The named plaintiff brought this action seeking a declaratory judgment as to whether a variance granted by the defendant on July 27, 1978, allows certain property to be the site of an office building. After trial, the court declared that the variance did not allow the construction of an office building on the subject property. The named plaintiff appealed to this court, and, on April 20, 1993, we reversed the judgment of the trial court and remanded the case because the record failed to indicate compliance with the notice requirement of Practice Book § 390 (d).[1] *L & G Associates, Inc.* v. *Zoning Board of Appeals*, 31 Conn. App. 12, 623 A.2d 494 (1993).

On September 28, 1993, Seymour, Inc., was substituted as plaintiff. The notice requirements were duly complied with and no additional parties intervened. A new hearing was held and the parties offered no new

---

[1] Practice Book § 390 (d) provides in pertinent part: "The court will not render declaratory judgments upon the complaint of any person . . . unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

evidence beyond that introduced at the original trial. On December 14, 1994, the court filed its memorandum of decision and rendered judgment for the defendant in accordance with the original decision. This appeal followed. After the appeal was filed, Kristian J. Taylor was substituted as plaintiff.

The evidence adduced at trial reasonably supports the following facts. In July, 1978, Corporate Properties, Inc. (Corporate), held an option to purchase five lots located at the intersection of Lake Avenue and Shannon Ridge Road in Danbury. The entire four and one-half acre parcel is bounded by Lake Avenue to the south and is intersected by Shannon Ridge Road. The parcel is zoned for residential use in an RA-8 zone.

Four of the lots in the parcel are located east of Shannon Ridge Road and referred to as the east parcel. The fifth lot, approximately 0.38 of an acre, is located west of Shannon Ridge Road and referred to as the west parcel.

On or about July 7, 1978, Corporate applied for a use variance permitting it to construct a 90,000 square foot office building on the east parcel. The application also sought a variance of building height limits. Corporate's application requested a variance of existing regulations "to permit the premises to be used for offices for business, banking or professional purposes and parking incidental thereto" and described the proposed use of the entire parcel in the singular as an "office building." The legal description contained in the application included the entire parcel. The variance application, however, indicated no use of the west parcel. The site plan submitted in support of the application showed a proposed office building on only the east parcel.

Although the application form required that the applicant submit a "plot plan showing location of all buildings and any proposed buildings, and the size of same,"

nothing in the application indicated any use of the west parcel. The defendant granted Corporate's application for a variance on July 27, 1978.

In 1986, the named plaintiff L & G Associates, Inc. (L & G) purchased the west parcel from Corporate. L & G, through its agents, was aware of the variance at the time of the purchase. Subsequently, L & G was informed by the city's zoning enforcement officer that the variance did not apply to the 0.38 acre west parcel. Thereupon, L & G brought this action seeking a declaratory judgment as to whether the variance applied to the west parcel.

I

The substitute plaintiff first claims that the trial court improperly considered the entire public record, rather than considering solely the plain language of the variance certificate, in concluding that the variance did not allow the plaintiff to construct a building on the west parcel. We disagree.

Our Supreme Court, in determining the use of property that a variance allows, has considered not only the language of the variance certificate, but also the specific use of the property proposed by the applicant, as set forth in the variance application. See *Raymond* v. *Zoning Board of Appeals*, 164 Conn. 85, 87–88, 318 A.2d 119 (1972). Courts in other states have also looked to both the variance application and the legal description of the property as it is set forth in the variance certificate to determine the uses that the variance allows. See *Hazel* v. *Metropolitan Development Commission*, 154 Ind. App. 94, 99–103, 289 N.E.2d 308 (1972); *Clark County Board of Commissioners* v. *Taggart Construction Co.*, 96 Nev. 732, 735, 615 P.2d 965 (1980); *Rye* v. *Ciborowski*, 11 N.H. 77, 80–82, 276 A.2d 482 (1971).

The proposition that the scope of a variance is determined by examining the specific use proposed in the

variance application and approved by the zoning board of appeals is a necessary corollary of the limited nature of variances. "[A] variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." (Internal quotation marks omitted.) *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 372, 537 A.2d 1030 (1988); *Clark County Board of Commissioners* v. *Taggart Construction Co.*, supra, 96 Nev. 734. "Because a variance affords relief from the literal enforcement of a zoning ordinance, it will be strictly construed to limit relief to the minimum variance which is sufficient to relieve the hardship." *Clark County Board of Commissioners* v. *Taggart Construction Co.*, supra, 735.

In this case, the application was for a single 90,000 square foot office building to be located on the east parcel and did not seek permission to use the west parcel for the construction of a separate commercial building. The granting of the variance allows the requested use of land located in a residential zone. A use outside that requested in the variance application and illustrated in the site plan would require a further variance. The intended and requested use violates the zoning regulations because the requested use is not allowed in the RA-8 zone where the subject property is located. To hold otherwise would transform a variance into a change of zone. See *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals*, 218 Conn. 265, 271, 588 A.2d 1372 (1991). The trial court did not improperly consider the entire public record in concluding that the variance did not allow construction of an office building on the west parcel. The trial court would have been remiss had it failed to do so.

## II

The substitute plaintiff's second claim, that the trial court improperly created an unreasonable restraint on

the alienation of the subject property, is completely without merit. The use of the property is subject to the zoning regulations of the town. Such regulations may sometimes require judicial interpretation, but the regulations, not the court, limit the use of the land.

## III

The substitute plaintiff's third claim, that the trial court improperly created a restrictive covenant on the subject property, is also completely without merit. The trial court did not and could not create a restrictive covenant on the subject parcel. Restrictive covenants are created by deed, not by judicial fiat. See *Grady* v. *Schmitz*, 16 Conn. App. 292, 296, 547 A.2d 563, cert. denied, 209 Conn. 822, 551 A.2d 755 (1988). Under certain circumstances a trial court may reform a deed to create a restrictive covenant, but this is not such a case.

In sum, the trial court correctly considered the entire public record in determining the scope of the variance in this case and correctly concluded that the variance did not allow a commercial building to be constructed on the subject property. In addition, the trial court did not create an unreasonable restraint on alienation or a restrictive covenant on the property.

The judgment is affirmed.

In this opinion the other judges concurred.