[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Zoning Board of Appeals of the Town of New Canaan upholding the action of the zoning inspector who denied the plaintiffs' application for a zoning permit to use their detached two-story garage for all uses CT Page 4544 permitted by the New Canaan Zoning Regulations.
The Plaintiffs, Richard A. Rowley and Elizabeth W. Rowley, have established that they are the owners of 635 Laurel Road, a legally non-conforming, one acre, single family residence in New Canaan's four acre residence zone.
A review of the pleadings and the record of the actions of the Zoning Board of Appeals returned to the court, warrants a finding of the following facts. The Plaintiffs obtained two variances from the Zoning Board of Appeals of the Town of New Canaan which permitted them to build a detached garage with a second story on their non-conforming lot.
The first variance, which was granted on June 7, 1993, allowed a 5 foot setback from the northerly sideline instead of the 35 foot setback required by the regulations. In their application for a zoning permit accompanying this variance, the plaintiffs stated that the proposed construction and use was for: "Garage/storage." At the public hearing for this June 7, 1993 variance, the plaintiffs submitted a written memo which includes the following:
 IV. Reasons for garage. 1. House does not have a basement or attic — storage is a major problem! 2. The visible cars, garden and equipment, bicycles, etc., in the yard is unsightly, not only to us, but the neighborhood in general.
The second variance granted on August 4, 1993, permitted a 35 foot front yard setback from Laurel Road rather than the zoning regulation requirement of 45 feet. A notation appears on the recorded variance "plans as submitted." The plans submitted with the application showed that the second story would have heating, insulation, sheetrock, windows and electrical outlets.
Neither recorded variance contained any restriction specifically limiting the use of the second story of the garage.
In conjunction with these variances, a zoning permit was issued to the plaintiffs on August 6, 1993 which states: "June 7, '93 and August 4, '93 (see attached), as per ZBA; over the garage — storage only."
On August 10, 1993, the plaintiffs secured the issuance of a CT Page 4545 building permit. The detached garage was built in accordance with the submitted plans.
The plaintiffs contend that during the hearing process for these variances, the plaintiffs explained to the Zoning Board of Appeals that they intended to use the second story for a playroom once their children, who were then ages 4 and 2 respectively, got older.
The plaintiffs have submitted with their brief a six page, single spaced transcript of the plaintiffs' presentation at the June 7, 1993 hearing for the first variance and there is no dispute that the transcript is accurate. The transcript discloses the following statement by Mrs. Rowley:
 Mrs. Rowley: It is a two story garage. I am asking to take it up two stories and we are actually reducing the size of the second story. Mainly, what I am looking for again is storage room, playroom for the kids because we don't have one in the main house that is really a room, so that one day, when they are a little bit older, I can let them go out. Right now we have a two year old and a four year old. As they get older I need them to have the space to keep things.
The record discloses no other information about the plaintiffs' intention to utilize the second floor of the garage as a playroom. Neither party appeared able to secure a transcript of the hearing in August, 1993 and the minutes of that meeting did not disclose any indication that the use of the second floor for a playroom was discussed. The written application for the variances and the zoning permit applications filed in conjunction with the variance requests do not appear to mention this proposed use.
The plaintiffs, however, have also secured from the court permission to supplement the record by including a letter to them from Jon McEwan, the assistant zoning inspector of the Town of New Canaan, dated March 24, 1994. The body of the letter reads:
 This letter is to clarify the Town Zoning Regulations regarding your permit A-16599, to build your two-story garage, on your property located at 653 Laurel Road (map 40 block 105 lot 83). The Zoning Board of Appeals approved your garage on August 4, 1993. The plans showed storage only above the garage. These were amended to a finished space with a furnace room, which you verbally said was for your children's CT Page 4546 playroom, a permitted use allowed by Section 60-4.1.
 The space above the garage may not be used as a servant's quarters or a guest cottage, or any other habitable space, Section 60-4.1.M., see copy. Furthermore, you may not add any plumbing for bathroom facilities without revising your plans and submitting them for further departmental review. The space over the garage may not be used as a separately occupied dwelling unit. Kitchen or cooking facilities are not permitted, Sections 60-14.2 N.D. 60-25.1., see copy.
 Lastly, the Zoning regulations do not permit the space over your garage to be used for an in-home office, Section 60-4.1.A. (1-8), see copy, because the garage is detached from the residence.
 If you have any questions, please feel free to call Dan Foley or me at 972-2393.
On the other hand, the plaintiffs received a certified letter dated June 1, 1994, from the same assistant zoning inspector, indicating that, after reviewing documents submitted by neighbors and after consultation with the zoning inspector, Daniel A. Foley, and with the Chairman of the Zoning Board of Appeals, Edwin J. Deadrick, he was in error in approving anything other than storage on the second floor level of the garage, advising the plaintiffs that any certificate of compliance and certificate of occupancy for the garage would be limited to garage/storage, as requested in their applications. The letter also indicated that the plaintiff's should not go forward with any construction items not needed for storage.
The assistant zoning inspector represented that on June 13, 1994, he inspected the garage with the plaintiff Richard Rowley, and again advised him not to construct the garage for anything other than garage/storage. He also noted that except for electrical wiring and recessed light fixtures, the second floor interior construction had no insulation, finished framing, furnace nor sheetrocking at the time of the inspection.
On or about June 27, 1994, Edwin Deadrick, Chairman of the Zoning Board of Appeals, wrote a detailed letter to the plaintiff Richard Rowley stating that the assistant zoning inspector's letter of June 6, 1994, correctly reflected the view of the defendant Board concerning the variances issued. The Chairman stated that the CT Page 4547 variance application was to allow a "garage" to be located on the premises and that the variance application was advertised only as a garage. The Chairman further referred to the memo provided by the plaintiffs at the public hearings indicating that the reasons for the garage only addressed the question of storage without mentioning any other use. He further mentioned the zoning permit issued on August 6, 1993, which provided for over garage storage only, and the lack of anything in the plans to show an intended use of the garage as a playroom.
The chairman acknowledged that the plaintiffs did mention the matter of a "future desire" to use the second floor as a playroom in their oral comments to the board, but stated that the board granted the variance for garage/storage only, as requested by the plaintiffs.
In a letter dated November 8, 1994, the plaintiffs' attorney, Berkeley D. Johnson, Jr., filed an application with the zoning inspector for a zoning permit for a changed use for the garage. Attorney Johnson indicated that such an application is required by § 60-3.3 of the Zoning Regulations when the changed use involves a different use within the category of residential uses. He stated that the zoning permit issued to the Rowleys showed the proposed construction use as "garage/storage." He further noted that "the present application for a zoning permit showed that the garage is detached and that the use will be for permitted use in this zone in a detached garage structure."
Attorney Johnson also asserted that the August 6, 1993 zoning permit was inconsistent with the entire record, since no conditions were imposed by the Board originally on either variance, so approval should be granted routinely.
Concerning the new application, and the request on the part of the plaintiffs' counsel for a hearing, the defendant board met informally with Attorney Johnson so he could explain his views on the subject at its meeting on December 5, 1994. There was no advertisement of any hearing for this new zoning permit application and the conference with Attorney Johnson occurred during the business portion of the meeting. After listening to Attorney Johnson, the board voted 4 to 1 to sustain the position that the variance limited the use of the garage to storage.
On March 29, 1995, the plaintiffs formally applied to the zoning inspector for a zoning permit to use the garage for all CT Page 4548 "permitted residential uses."
On March 31, 1995, the permit application was denied by the zoning inspector: "As per action of ZBA 12-05-94, storage only."
On April 3, 1995, the plaintiffs appealed this denial to the defendant Board, pursuant to 60-23.7 of the New Canaan Zoning Regulations.
Concurrent with this administrative appeal, the plaintiffs also filed an application, in the alternative, for a variance to clarify the actions of Board taken June 3 and August 4, 1993 and to modify variances for front and side yard setbacks granted as they relate to the use of the garage so that there be no restricted use of the garage beyond the regulations.
In conjunction with this application for a variance, the zoning inspector submitted a memo to the Board stating that "the plans and the bulk of the oral testimony on the prior applications spoke to the use of the space in question for storage, as there was no basement in the house. The Board has taken the position on numerous occasions in the past that what was applied for is what was granted."
On May 2, 1995, a public hearing was held on the plaintiffs' administrative appeal and their application for variance. However, at the request of the applicants, the variance request was continued to the June 5, 1995 meeting. By letter dated June 5, 1995, the plaintiffs withdrew their application for a variance.
At the May 2nd public hearing, various neighbors objected to the use of the garage on the lot for anything but "garage/storage."
By a 3 to 2 vote, the defendant Board denied the plaintiffs' appeal.
The plaintiffs thereupon took the instant appeal from the Zoning Board of Appeal's denial to this court.
As owners of the property in question, the plaintiffs are aggrieved by the action of the Zoning Board of Appeals in denying their appeal from the zoning inspector's denial of their application for a zoning permit for change of use of the second floor of the garage to "all permitted uses." CT Page 4549
 I.
The plaintiffs argue in support of their position that the zoning board of appeals erred in not granting their appeal because no restrictions or conditions were validly attached to the variances by any vote of the board members on the hearing dates, and the use of the second story as a playroom is a permitted use in a residential zone.
The plaintiffs claim that during the application process for these variances, they made it clear to the zoning board that, in addition to the initial use of the second story for storage, they later intended to use it as a play area for their children.
The plaintiffs note that no board member made any objection to this type of use at the hearings, nor did any member of the public make any objection to this specific use. Most importantly, the record discloses no discussion by board members at all of adding a condition to either variance so as to specifically restrict the use of the second story to any particular use, and no vote by the individual members to impose such a condition. This claim is reflected in the minutes of the meetings of June 7, 1993, and August 4, 1993 and the transcript of the June 7, 1993 hearing (the transcript for the August 4, 1993 meeting is missing).
Further, the published legal notice contained no condition to either variance. The plaintiffs argue that in the actual variances themselves, neither variance limits the use of the second story to "storage" or any other specified use. Both variances were recorded in the land records without any indication of limitation of use.
The plaintiffs contend that any conditions which a zoning board of appeals intends to attach to a granted variance must be specifically voted on at the public hearing, and accurately reflected in the required filing of the variance in the land records pursuant to Connecticut General Statute § 8-7. Any other holding would be inconsistent with established due process rights, statutory law, and common sense.
The plaintiffs urge that the concept that a zoning board of appeals must actually act as a board to vote on specific conditions it wants to impose when granting a variance is so elementary that no specific Connecticut zoning board of appeals case exists which is directly on point. CT Page 4550
However, they point to the holding in the case of Floch v.Planning Zoning Commission, 38 Conn. App. 171 (June 13, 1995) as a guide by analogy. In Floch, the Planning And Zoning Commission of Westport approved the Park and Recreation Commission's site plan to construct an athletic field. Subsequent to the meeting, the planning zoning chairman signed and filed a final resolution which included several conditions which had not been specifically voted on by the commission members.
The Appellate Court held that the post-hearing conditions which were incorporated into the filing of the permit, and which had not been specifically voted on by members were illegal:
 "We adopt the trial court's reasoning because it accurately reflects the fundamental principle that a zoning commission's authority to issue a conditional special permit can be legally exercised only by the commission voting on every condition, and not by individual members acting independently. See General Statutes § 8-3c. . . ."
Section 8-3c of the General Statutes is entitled "Special permits, exceptions and exemptions. Hearings. Filing requirements." No where in this section of the Statutes is the "fundamental principle" which the Appellate Court referred to above specifically recited. Nevertheless, the Appellate Court cites this section for the "fundamental principle" that each zoning member must vote on each specific condition required, because such a requirement is easily inferred from the language of the section.
 "Such commission shall decide upon such application as requested within the period of time permitted . . . Wherever a commission grants or denies a specific permit . . . . it shall state upon its records the reason for its decision. Notice of the decision of the commission shall be published in a newspaper . . . . and addressed by certified mail to the person who requested or applied for a . . . permit. Such permit . . . shall become effective upon filing of a copy thereof (1) in the office of the town, . . . and (2) in the land records . . . in accordance with . . . section 8-3d."
The plaintiffs note that the language of Connecticut General Statute § 8-3c parallels the statutory language of Connecticut General Statute § 8-7, which relates to zoning boards of appeal.
Whenever a zoning board of appeals grants or denies any CT Page 4551 variance . . ., it shall state upon its records the reason for its decision. Notice of the decision of the board shall be published in a newspaper . . . . Such . . . variance shall become effective upon the filing of a copy thereof (1) in the office of the town, . . . and (2) in the land records. . . ."
As these two sections parallel each other, the plaintiffs claim that it is clear that Floch v. Planning Zoning Commission, supra, is authority for the proposition that any condition to be attached to a variance must be individually voted on by each member at a properly noticed meeting, and then published and filed with the conditions stated in the land records, to be legal.
In this case, the plaintiffs argue, not only did the zoning board of appeals not vote specifically and individually to attach conditions to the plaintiffs' variances at the time the variances were granted, but also no objection was voiced by any zoning board member when the plaintiffs made it clear that their intention was also to use the second story of the premises at a future time for a playroom for their children. The variances became effective, pursuant to Connecticut General Statute § 8-7, when recorded in the land records, and when that occurred there were no conditions concerning a limitation of storage only on the second floor because none had been voted on, and none had been included in the filing.
It is the plaintiffs position that after the meetings and the filing of the variances, these variance became permanent — with no restrictions to storage only. Neither the chairman of the zoning board of appeals acting unilaterally after the fact, nor the zoning board of appeals purporting to re-interpret the variances at a subsequent, unnoticed hearing, could impose any conditions which had not been imposed by vote at the initial meetings granting the variances. Any attempts to do so were nullities, and the zoning enforcement officer had no authority to deny the issuance of a permit for such a permitted use as a playroom.
Accordingly, the plaintiffs claim that the failure of the zoning board of appeals to sustain their appeal was arbitrary, capricious and an abuse of discretion, and the plaintiffs instant appeal should be sustained with directions to the zoning enforcement officer to issue the permit.
 II.
The defendant board maintains that the plaintiffs were granted CT Page 4552 variances for the use they requested — "garage/storage."
The defendant notes that the plaintiffs' application was for "garage/storage". The advertisement for this detached garage mentioned only a garage. The certified letters to neighbors required by the zoning regulations did not mention a use of the building as a children's playroom. The plaintiffs' own memo dated June 7, 1993, indicates storage as the reason for the garage. It nowhere mentions the use as a playroom.
The application for the zoning permit that was issued on August 6, 1993, shortly after the variance applications were granted, indicates garage/storage as the proposed use and the permit granted "over garage storage only."
The plaintiffs' plans as submitted showed a two-story building without any indication of use as a playroom. Notations on the plans indicate storage only.
The defendant claims, as stated by Chairman Deadrick in his letter to the plaintiffs, that while the tape recording of the original variance hearing contained some mention of the use of the second floor as a playroom, it was not the stated or emphasized reason for the application.
Under these circumstances, the defendant board asserts what is clear from the total record is that the board granted the plaintiffs' original variance based on their own application which limited the use to "garage/storage". By granting the variance for this purpose, the board gave the plaintiffs exactly what they requested. Therefore, the board claims it was not required to attach a formal condition limiting the use of the garage. Indeed, such a condition would have been superfluous in view of the plaintiffs' own language.
Addressing the plaintiffs argument that, since no formal condition was attached to either variance the plaintiffs' use of the garage was not limited, the defendant claims there is no rule or law which prevents applicants for variances from limiting the scope of their intended use of their property. No cases have been found that say that a board must impose a condition when the applicants themselves use language limiting their usage. Accordingly, the plaintiffs' argument that a formal condition had to be attached in view of the plaintiffs' own limitation is unwarranted. CT Page 4553
The defendant board asserts that the plaintiffs have the burden of proof that the board acted improperly in sustaining the zoning inspector's action in this case. Adolphson v. ZBA,205 Conn. 703, 707 (1988). A strong presumption of regularity exists in the action of a local zoning board. Fuller, Land Use Law Practice, § 34.4. A zoning board of appeals has specialized knowledge with respect to the terms of a variance that it has granted. Simko v. Ervin, 234 Conn. 498, 505.
The defendant board, in this case, has interpreted the terms of the variance before it as limiting the usage of the garage to storage. Such an interpretation, the board claims, is clearly within the discretion of the board. Since a variance constitutes permission to act in a matter that is otherwise prohibited under the zoning law of a given town, Bloom v. ZBA, 233 Conn. 198, 206
(1995), an interpretation by a local board which narrows the scope of the variance granted is in accord with this settled proposition of Connecticut law.
The Board asserts that the trial court should not substitute its judgment for the wide discretion of local land use agencies. Fuller, Land Use Law Practice, § 34.3.
 III.
In summary, the plaintiffs claim that the variances were granted and recorded without any conditions or limitations attached. The variances were to construct a two-story garage with all the permitted uses for such structure in a residential zone. This is the public record and cannot be modified by the board, after the fact, attempting to limit the general nature of the variances.
The defendant board claims it granted what was requested by the plaintiffs in their applications — variances to construct a garage for use as "garage/storage." The public record and the board's determination of what it had done indicates that the board granted variances as limited by the plaintiffs' own application.
The standard for review of the actions of a zoning board of appeals has been summarized in Pleasant View Farms Dev. v. ZoningBoard of Appeals, 218 Conn. 265, 269-70, 588 A.2d 1372 (1991).
In reviewing the actions of a zoning board of appeals we CT Page 4554 note that such a board is "`endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal.'" Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). "`The burden of proof to demonstrate that the board acted improperly'" is upon the party seeking to overturn the board's decision. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988), quoting Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980). In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant.
As to the plaintiffs' claim that the court cannot go behind the published, recorded variances to ascertain if they were limited, the recent case of L G Associates, Inc. v. Zoning Boardof Appeals, 30 Conn. App. 785 (4/2/96) addresses this issue.
In that case the question was whether a variance allowing commercial use in a residential zone extended to that portion of the property [west parcel] which was not indicated on the variance application and the plans submitted in conjunction therewith as the site for construction of a commercial building. The substitute plaintiff claimed that the trial court improperly considered the entire public record, rather than considering solely the plain language of the variance certificate, when it concluded that the variance did not allow the plaintiff to construct a building on the west parcel. The Appellate Court disagreed.
 Our Supreme Court, in determining the use of property that a variance allows, has considered not only the language of the variance certificate, but also the specific use of the property proposed by the applicant, as set forth in the variance application. See Raymond v. Zoning Board of Appeals, 164 Conn. 85, 87-88, 318 A.2d 119 (1972). Courts in other states have also looked to both the variance application and the legal description of the property as it is set forth in the variance certificate to determine the uses that the variance allows. See Hazel v. Metropolitan Development Commission, 154 Ind. App. 94, 99-103, 289 N.E.2d 308 (1972); Clark County Board of Commissioners v. Taggart Construction Co., 96 Nev. 732, 735, 615 P.2d 965 (1980); Rye v. Ciborowski, 11 N.H. 77, 80-82, 276 A.2d 482 (1971). CT Page 4555
 The proposition that the scope of a variance is determined by examining the specific use proposed in the variance application and approved by the zoning board of appeals is a necessary corollary of the limited nature of variances. "[A] variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." (Internal quotation marks omitted.) Grillo v. Zoning Board of Appeals, 206 Conn. 362, 372, 537 A.2d 1030
(1988); Clark County Board of Commissioners v. Taggart Construction Co., supra, 96 Nev. 734. "Because a variance affords relief from the literal enforcement of a zoning ordinance, it will be strictly construed to limit relief to the minimum variance which is sufficient to relieve the hardship." Clark County Board of Commissioners v. Taggart Construction, Co., supra, 735.
 L G Associates, Inc. v. Zoning Board of Appeals, supra, 787-88.
This court has scoured the record submitted and the supplements to that record supplied by the plaintiffs. The only explicit indication that the plaintiffs sought to use the second floor of the garage for anything other than storage was the oral representation by Mrs. Rowley at the June 7, 1993 hearing, quoted above. The court finds that representation was itself ambiguous. The court must agree with the board's chairman that the rest of the presentation discussed the need for a garage adequate to park the plaintiffs' vehicles and the need for storage without any reference to a playroom use. As previously indicated, this court finds that the record discloses no other information about the plaintiffs' intention to utilize the second floor of the garage as a playroom.
In their application for the variances, in their notice to neighbors, and in the published notice of hearings, the reference is limited to garage or garage/storage. In the application for a zoning permit accompanying the variance applications, the plaintiffs stated that the proposed construction and use was for: "Garage/storage." In a written memorandum submitted for the public hearing for the June 7, 1993 variance, the plaintiffs indicated that the reason for the garage was that the house did not have a basement or attic, making storage a problem and storing cars, garden equipment, bicycles, and other items in the yard is unsightly to them and for their neighborhood.
The zoning permit which was issued to the plaintiffs on August 6, 1993 stated: "June 7, '93 and August 4, '93 (see attached), as CT Page 4556 per ZBA; over the garage-storage only."
It is true that in a letter to them from Jon McEwan, the assistant zoning inspector of the Town of New Canaan, dated March 24, 1994, he indicated that the second floor could be used as a playroom, since that was a permitted use in the residential zone. The plaintiffs have not claimed the board is estopped by this letter nor can the plaintiffs realistically claim that they acted in reliance on that letter, since the letter was shortly thereafter rescinded and construction of the second floor had not been completed by the time the rescission was received. See, Town ofGreenwich v. Kristoff, 2 Conn. App. 515, 521, 481 A.2d 77 (Conn.App. 1984).
This court cannot substitute its judgment for that of the board of appeals. The written submissions of the plaintiffs to the board all indicated they sought the garage as a place to house their vehicles and to store items that could not be stored in the non-existing cellar or attic of their residence. The explicit oral reference to a playroom for the children was fleeting and ambiguous. While the plans submitted might be consistent with an intended use beyond mere storage, their was no explicit notation on the plans for such use.
Under these circumstances, the court cannot say that the plaintiffs have met their burden of proof to demonstrate that the board acted improperly and the court cannot find that the board's action in denying the plaintiffs' appeal of the zoning officer's decision was unreasonable, arbitrary or illegal.
Because of this finding, there is no need to address the defendant's claim that the plaintiffs had failed to exhaust their administrative remedies.
The plaintiffs' appeal is dismissed.
NIGRO, J.