DODSON BOATYARD, LLC *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF STONINGTON ET AL.
(AC 22931)

Lavery, C. J., and West and Stoughton, Js.

Argued March 31—officially released June 10, 2003

*Thomas J. Londregan,* with whom was *Jeffrey T. Londregan,* for the appellants (defendants).

*Frank N. Eppinger*, with whom was *Thomas F. Collier*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. Certification to appeal having been granted, the defendant planning and zoning commission of the town of Stonington (commission)[1] appeals from the judgment of the trial court, which reversed the decision of the commission denying the plaintiff's application to modify a special use permit for its marina. On appeal, the commission claims that the court improperly (1) decided that a 1983 variance for the property reduced its rear yard setback, (2) decided that the steel containers at issue were buildings and (3) applied General Statutes § 8-13a to the containers. We affirm the judgment of the trial court.

The record discloses the following relevant facts and procedural history. The plaintiff owns five tracts of land on the east side of the waters of the Stonington Harbor, not all of which are contiguous to one another. The property lies partly in the town and partly in the borough of Stonington. The portion with which this appeal is concerned is that part of the tract designated on the Stonington assessor's map as lot nine, which lies within the town. For many years, the plaintiff and its predecessors in title have operated a full service marina, utilizing the entire property as one unified entity. The portion of the property that lies within the town, in which a marina is permitted, is in the marine commercial district (MC-80). In any event, the marina existed well before zoning regulations were enacted.

On August 9, 1983, the Stonington zoning board of appeals (board) granted an application by the plaintiff's predecessor in title for a variance (1983 variance) to the

---

[1] Cynthia C. Ladwig, town clerk of the town of Stonington, and George Thayer, chairman of the commission, also are defendants and appellants. We refer in this opinion to the defendant appellants as the commission.

zoning regulations for lot nine, permitting a reduction in the rear yard setback from fifty feet to six feet, and increasing the floor area ratio to 0.41. The 1983 variance was sought to erect a building for winter storage and repair of boats. Neither the record of decision nor the certificate of variance recorded on the land records contained any limitations or restrictions. Thereafter, on April 8, 1997, the commission approved a site plan and issued a special use permit (1997 special use permit) to the plaintiff's predecessor in title for a boat storage building at the marina.

Early in January, 2000, the Stonington zoning enforcement officer conducted an inspection and saw several storage sheds on lot nine within eight feet of the rear lot line that had been erected without a permit and were, he believed, in violation of the fifty foot setback line. There were three, forty foot by eight foot ocean freight containers and four, twenty foot by eight foot containers. Some of the containers were stacked to create two floors. Wooden stairways and landings were built to provide access to the second floors. Power, light and heat were provided, and at least one of the containers had windows. Each container had four walls and a roof, but it was possible to move them. They were used for storage of equipment and supplies, and at least one was used as a workshop. The purpose was to put these functions and uses under cover rather than to have them carried on in the open. The containers could not be seen from the street, but they clearly were visible from the water and to anybody on the property. Because they could be moved, they were not shown on a site plan filed by the plaintiff.

The zoning enforcement officer gave notice of the perceived violations to the plaintiff and issued a cease and desist order. The plaintiff, unaware of the 1983 variance, applied to the board for a variance of the setback from fifty feet to eight feet. The board denied

the application and the plaintiff did not appeal. The plaintiff also filed with the commission a site plan and an application to modify its 1997 special use permit to allow "temporary (moveable) steel storage containers as shown on the site plan and consisting of . . . three 40' x 8' ocean freight containers and four 20' x 8' ocean freight containers." After having held public hearings, the commission, on October 17, 2000, voted to deny the application. The reasons stated by the commission for its decision to deny the application were (1) that the application exceeds the allowable floor area ratio and (2) that the structure would be within the required rear yard setback. The plaintiff appealed to the trial court.

The court reviewed the record and determined that the first reason given by the commission for denying the plaintiff's application was not in accordance with the evidence or the applicable law. The commission does not challenge that determination by the court. The court also concluded that the second reason given by the commission was not supported by substantial evidence in the record because the 1983 variance had reduced the setback to six feet. It also determined that the containers were nonconforming buildings under the provisions of § 8-13a (a). This appeal followed.

The standard of review to be employed is a familiar one. We first note that "[t]he terms 'special permit' and 'special exception' have the same legal import and can be used interchangeably." *A.P. & W. Holding Corp.* v. *Planning & Zoning Board*, 167 Conn. 182, 185, 355 A.2d 91 (1974). "When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied. . . . It has

no discretion to deny the special exception if the regulations and statutes are satisfied. . . .

"When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning board's action must be sustained if even one of the stated reasons is sufficient to support it. . . . In light of the existence of a statutory right of appeal from the decisions of local zoning authorities, however, a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty . . . ." (Citations omitted; internal quotation marks omitted.) *Bethlehem Christian Fellowship, Inc.* v. *Planning & Zoning Commission*, 73 Conn. App. 442, 455–56, 807 A.2d 1089, cert. denied, 262 Conn. 928, 814 A.2d 379 (2002). "In reviewing the action of the trial court, we have to decide whether it could in logic and in law reach the conclusion that the [commission] should be overruled." (Internal quotation marks omitted.) *Quality Sand & Gravel, Inc.* v. *Planning & Zoning Commission*, 55 Conn. App. 533, 537, 738 A.2d 1157 (1999).

The commission first claims that the court improperly decided that the 1983 variance reduced the entire rear yard setback of lot nine from fifty feet to six feet. The commission argues that the 1983 variance was granted so that the plaintiff's predecessor in title could erect one building only and never was intended to reduce the entire rear yard setback for lot nine. In support of that claim, the commission directs our attention to the site plan that was filed with the variance application in 1983, showing one proposed boat storage building. The commission, citing *L & G Associates, Inc.* v. *Zoning Board of Appeals*, 40 Conn. App. 784, 673 A.2d 1146

(1996), asserts that the court failed to consider the entire record and that it is clear that the variance was for one particular boat storage building. We disagree.

The records of the board for the meeting of August 9, 1983, disclose that the application sought a variance to permit a reduction in the rear yard setback to six feet and an increase in the floor area ratio to 0.41 for the property at 194 Water Street. The application was approved, and the record of decision noted that the "[b]uilding is needed to store and repair boats in the winter time." The certificate of variance issued by the board and filed in the land records certifies that a variance was granted for the premises "to permit a reduction in rear yard setback to 6 feet and increase the floor area ratio to 0.41," and that no limitations were imposed. It is clear that the reason for the application was to erect a boat storage building within the fifty yard setback. There is nothing in the certificate of variance as granted that limits it to one building or to the proposed building shown on the site plan or to a particular part of the premises. We agree with the court that the 1983 variance reduced the rear yard setback line on lot nine to six feet and that the record does not support the conclusion by the commission that the structures were within the required setback.

Because we agree with the conclusion of the court that the rear yard setback was reduced to six feet for lot nine by the 1983 variance, it is unnecessary to consider the commission's other claims.

The judgment is affirmed.

In this opinion the other judges concurred.