## Oakwood Development Corporation v. Zoning Board of Appeals of the City of Torrington et al.
### (7715)

Borden, Spallone and O'Connell, Js.

Argued October 3, 1989—decision released January 9, 1990

*George B. Simoncelli, Jr.*, corporation counsel, for the appellant (named defendant).

*James F. McKenna*, for the appellee (plaintiff).

Borden, J. The named defendant, the Torrington zoning board of appeals (board), appeals from the judgment of the trial court sustaining the plaintiff's zoning appeal.[1] That appeal challenged the board's denial of the plaintiff's application for a special exception permit under the Torrington zoning regulations to con-

---

[1] The Torrington city clerk also was named as a defendant, but is not involved in this appeal.

struct multi-family housing in an industrial zone. The dispositive issue is whether the court erred by substituting its judgment for that of the board.[2] We find error.

The plaintiff applied to the board for a special exception permit under the Torrington zoning regulations to construct 180 units of multi-family housing in an industrial zone. Section 606 B.3. of the regulations provides in pertinent part that "no permit for special exceptions shall be issued unless it is found in each case that the proposed building or the proposed use of land: (a) Will not create or aggravate a traffic or fire hazard. (b) Will not block or hamper the town pattern of highway circulation. (c) Will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics."

After a public hearing, where evidence both favorable and unfavorable to the application was presented, the board denied it for the following reasons: "(a) that it could tend to create or aggravate a traffic or fire hazard, (b) that it could tend to block or hamper the town pattern of highway circulation, and (c) it could tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics." The board also stated that "[t]he general consensus of the board Members was that this piece of property was in a prime area for industrial development, it was zoned Industrial and it would not be in the best interest of the City for it to be used for multi-family development. The Industrial Development Commission and the Planning and Zoning Commission, along with the Mayor want to preserve smaller indus-

---

[2] In view of our conclusion that the trial court erred by substituting its judgment for that of the board, we need not consider the board's other claims of error, one of which was withdrawn at oral argument in this court.

trial parcels in hopes of recruiting new industry to them. They also felt that it would change the character of the neighborhood which is commercial and industrial."

The plaintiff appealed to the trial court. The court determined that none of the board's reasons for denying the application was supported by the record. With specific reference to the finding that the development would tend to alter the essential characteristics of the neighborhood, the court concluded that "[t]his reason is in reality not a reason but an excuse for the board's decision. It is apparent from a reading of the entire record that the only reason for the denial was the desire of the board to restrict the property to industrial use," and that "[i]n doing so . . . the defendant abused its discretion and thereby acted in an arbitrary manner." On the basis of that conclusion, the court sustained the plaintiff's appeal and remanded the matter to the defendant for further proceedings. Upon our grant of certification, this appeal followed.

The board argues that the court erred by substituting its judgment on the issue of whether the plaintiff's development would alter the essential characteristics of the neighborhood. We agree.

The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised. *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 49, 484 A.2d 483 (1984). The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site; id., 49–50; or through their personal knowledge of the area involved. *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 267, 455 A.2d 339 (1983). Where a zoning authority has

expressed the reasons for its decision, a reviewing court "may only determine if the reasons given are supported by the record and are pertinent to the decision," and the authority's action " 'must be sustained if even one of the stated reasons is sufficient to support it.' " *Torsiello* v. *Zoning Board of Appeals,* supra, 50, quoting *Hoagland* v. *Zoning Board of Appeals,* 1 Conn. App. 285, 290, 471 A.2d 655 (1981).

In this case, one of the board's stated reasons, namely, that the development would alter the neighborhood's essential characteristics, was supported by the record. The parcel in question was in an industrial zone. The plaintiff's proposal was for 180 residential, multi-family units. There was evidence that the neighborhood consisted of residential, commercial and industrial uses, with a preponderance of commercial and industrial uses. More specifically, there was evidence that a lumber yard and concrete plant were directly across the street from the parcel, and that north of the parcel there were other commercial uses, as well as residential uses, including a thirty-six unit condominium complex. There was also evidence that south of the parcel there were numerous commercial and industrial uses, including a construction company yard, as well as some residential uses.

On the basis of this record, including the board members' knowledge of the area, we cannot say that the board acted arbitrarily in determining, as a factual matter, that the plaintiff's proposed use of the land would alter the essentially commercial and industrial character of the neighborhood. This was a question of fact committed to the zoning authority, and it is subject to judicial review for the limited purpose of determining whether the board's decision was a reasonably exercised honest judgment supported by the record. Id., 50–51.

The record does not support the trial court's conclusions that this basis for the board's decision was "not a reason but an excuse" for its decision, and that the only reason for the denial was the board's desire to restrict the property to industrial use. It is true that the board expressed its "consensus . . . that this piece of property was in a prime area for industrial development, it was zoned industrial and it would not be in the best interest of the City for it to be used for multifamily development." The board also referred to the desires of the industrial development commission, the planning and zoning commission and the mayor "to preserve smaller industrial parcels in hopes of recruiting new industry to them." It is also true, however, that the board specifically found that the proposed development would "alter the neighborhood's essential characteristics," and that it "would change the character of the neighborhood which is commercial and industrial." The trial court should not have disregarded these other specific findings, which were supported by the record.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.