[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The action before the court is an appeal from a decision of the West Hartford Planning and Zoning Commission. On July 27, 1989 the Planning and Zoning Commission approved the defendant Mount Sinai Hospital Corporation's application for a one year renewal of its special use permit. The permit allowed Mount Sinai to operate its Woodstock School and Day Treatment Program in an area zoned R-13 residential. Article III, Section 177-6(B) of the West Hartford code provides that schools, but not hospitals, are permitted uses under a special use permit in areas zoned R-13 residential.
Thus the basic issue before the court, after the necessary preliminary prerequisites have been reviewed, is whether the defendant commission had sufficient evidence before it to justify its implicit finding that the Woodstock School is a school and therefore an appropriate candidate for a special use permit. Plaintiff maintains that the Woodstock School and Day Treatment Program is a hospital and, therefore, not a use permitted even by special use permit under the West Hartford zoning regulations.
The parties stipulated that each of the plaintiffs either owned property abutting the property which is the subject of the questioned use, or owned property located within CT Page 3540 a hundred feet of that property. The court finds the facts as stipulated to by the parties, and from those facts concludes that all plaintiffs are "statutorily aggrieved".
The Return of Record did not indicate whether or not the notice of the decision of the Commission had indeed ever been published. The parties further stipulated that notice of the Commission's decision was published on August 3, 1989, and the court so finds.
Previous to the instant action of the defendant Commission, said Commission had, on July 6, 1988, approximately one year earlier, granted Mount Sinai's application for a special use permit. The purpose of that permit was to allow Mount Sinai to operate its "Woodstock School" facility in an R-13 zone. The facility is a nonresidential school operated five days a week (and some weekends) between the hours of 8:00 a.m. and 5:00 p. m. (occasionally later), Return of Record 1; Return of Record 36, page 20. The purpose of the facility is to provide a comprehensive academic and social learning environment for adolescents with special educational, personal, or familial problems, Return of Record 4.
The permit, as originally granted on July 5, 1988, allowed the operation of the Woodstock School in an R-13 zone in a building owned by Northwest Catholic and located at 11 Wampanoag Drive. That original permit was for a period of one year and was subject to the following four conditions:
1. that the permit expire on June 6, 1989 unless renewed; 2. that the number of attending students not exceed 65 and that any increase over the initial 46 students be accompanied by an increase in staff; 3. that the school remain accredited by the State of Connecticut Board of Education as a school facility, and 4. that only students in the educational program can participate in the psychological counseling program.
On May 1, 1989 Mount Sinai submitted an application for renewal of its permit which was set down for a public hearing on June 5, 1989. That hearing was continued to July 5, 1989, when a question arose as to whether or not notice had been adequately given. Mount Sinai then submitted a new application and a new public hearing was set for July 27, 1989. Notice of that hearing was properly given, and after the conclusion of the public hearing the commission granted a one year extension of the special use permit, with essentially the same four conditions as in the initial permit.
This case was heard by the court on October 31, 1990, CT Page 3541 having been assigned to the undersigned on September 19, 1990. The particular extension of the special permit which is the subject of this appeal has, by its terms, expired, but the court will undertake to decide the substantive issues in the case, determining that, although there is some risk that the issue may be moot, it is obvious that this is a case with issues "capable of repetition yet evading review", within the meaning of State Farm Life Accident Assurance Co. v. Jackson, 188 Conn. 152 (1982).
The plaintiffs argue that the facility has as its main use a hospital and that use is prohibited, since such a use is not a permitted use in an R-13 district. Plaintiffs claim that the defendant commission acted illegally and arbitrarily in classifying the Woodstock School as a school, and/or in classifying the hospital uses of the Woodstock School as accessory or incidental to the use as a school.
"A special use permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations . . . The proposed use, however, must satisfy standards set forth in the zoning regulations . . ." Housatonic Terminal Corporation vs. Planning Zoning Board,168 Conn. 304, 307 (1975). When ruling upon a special use permit the board is acting in an administrative capacity and its "function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statute are satisfied." Housatonic Terminal Corporation, supra, at 307.
A trial court may not substitute its judgment for that of an administrative tribunal when that tribunal has acted within its legislative authority. Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 572-73 (1988). "The court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion." Id. at 573. "Conclusions reached by the Commission must be upheld by the trial court if they are reasonably supported by the record." Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96 (1989). "The evidence . . . must be substantial; `the credibility of witnesses and the determination of factual issues are matter within the province of the administrative agency' Feinson v. Conservation Commission, 180 Conn. 421, 425-26 (1980). . . "This so-called substantial evidence rule is similar to the `sufficiency of the evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords `a substantial basis of fact from which the fact in issue can be reasonably inferred . . . [I]t must be enough to justify, if the trial were to a jury, a refusual to direct a CT Page 3542 verdict when the conclusion sought to be drawn from it is one of fact for the jury'". Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 540-541 (1987).
"The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." Oakland Development Corp. v. Zoning Board of Appeals, 20 Conn. App. 458
(1990), citing Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 49 (1984).
While the evidence before the Commission was contested, there is no question but that there is ample evidence by which the Commission, if it chose to accept that evidence, could have determined that the application was for a school use and, therefore, was an application for a use permitted under the special use permit procedures of the zoning regulations. For example, on an hourly basis 88% of the time of the operation of the Woodstock School was devoted to educational as opposed to psychological activities. Further, the Woodstock School is accredited as a school by the State of Connecticut. It would serve no useful purpose to further document the myriad factual bases available to the Commission for its determination that the application was for a school.
Since the only issue presented on this appeal is the question of whether there was or was not substantial evidence in the record justifying the Commission's determination that the application was or a school, rather than a hospital, use, the appeal is dismissed.
KOLETSKY, J.