[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an appeal under 8-8 of the General Statutes from a decision of the City of Milford Planning and Zoning Board (hereinafter called the Board) granting a Special Permit to allow to remain a hair cutting salon in the subject premises which is within a residential zone.
The Plaintiffs are within 100 feet of the subject premises and are accordingly aggrieved pursuant to 8-8 (a).
The Plaintiffs herein appealed the decision of the Zoning Board of Appeals of Milford who had upheld the issuance of a zoning permit to this very same unisex barber shop at the subject premises in 1989. (Joseph Ribon, et al v. Zoning Board of Appeals of CT Page 7084 Milford, et al CV89 02 97 50S, hereafter Ribon I).
The Plaintiffs appeal in that case was sustained (Fuller, J. March 28, 1990). The court in Ribon I stated at page two that there were three issues raised in that appeal.
(1) Whether there was a non conforming use on the property when Milford first enacted zoning regulations in 1930; (2) If there was a legal nonconforming use, whether it was ever abandoned, and (3) if a legally nonconforming use was not abandoned whether the proposed unisex barber shop for which the zoning permit was issued by the ZEO was substantially different.
The present appeal is from the issuance of a Special Permit pursuant to 6.2.3 of the Zoning Regulations of the City of Milford, Connecticut (hereafter Regulations).
Accordingly, basically the issues raised in this appeal are (1) whether the property is a nonconforming use and (2) whether the proposed use is substantially different in nature and purpose from the former non-conforming use, and whether "the new use will have a lesser impact upon the surrounding area than the old one".
The parties to this appeal presented to the Board the issue of nonconforming use. The Board had presented to it information from a city directory demonstrating that the property had been used as a grocery store prior to the regulations being adopted. A board member informed other members of his knowledge that it was nonconforming as far back as he could remember. The present owner presented evidence that the use was nonconforming and that he had continued it as a nonconforming use by paying taxes, maintaining all utilities and telephone service. In addition to a grocery store the use had continued as a Real Estate Agency and hence to the present use as a unisex barber shop. The testimony of the owner clearly demonstrated there was no abandonment of the nonconforming use. Abandonment of a nonconforming use is a fact which requires a showing of voluntary and intentional renunciation. Blum v. Lisbon Leasing Corporation, 173 Conn. 175, 182. Cummings v. Tripp,204 Conn. 67, 33. CT Page 7085
The Board concluded from all the evidence that the subject premises was nonconforming and had not been abandoned.
Much discussion was heard by the Board of the decision of Judge Fuller on the issue of nonconforming use.
The record discloses that the decision in Ribon I concerning nonconformity was before the Board. This court concludes further that notwithstanding the decision of nonconformity in Ribon I that there was sufficient evidence before this Board for it to reasonably conclude that the subject premises is nonconforming use.
This court having found that the Board reasonably concluded that there is nonconformity of the premises, it need not address the issues raised by the parties as to the Special Defense of collateral estoppel. However, the court agrees with the plaintiffs herein that collateral estoppel is not available as a defense. The parties in this case are not the same. In Ribon I the defendant was the Zoning Board of Appeals, in this case the Board acts independently and has different powers. The Board was not a party to the action in Ribon I. See State v. Wilson, 180 Conn. 481, 485
(1980), Brockett v. Jensen, 154 Conn. 328, 328 (1966), Preferred Accident Insurance Co. v. Musante, et al, 133 Conn. 536, 539. (Plaintiffs Supplemental Brief pp. 2 and 3).
The next question that the court is called upon to answer is whether a unisex barber shop is a use which is substantially different in nature and purpose from the nonconforming us, as provided for in section 6.2.3, and whether the use will have a lesser impact upon the surrounding area than the old one.
The use as a unisex barber shop is substantially different in both nature and purpose from a grocery store. However the Regulation provides further that a special permit may issue if the new use will have a lesser impact upon the surrounding area than the old one (emphasis added).
The defendant Board concedes that at the public hearing nobody addressed the narrow issue which the application for a special permit presented. However, at least one member, of the Board, Mr. Munroe, had examined the site who concluded that the unisex barber shop had a lesser impact upon the surrounding area than the old one. The Board could have reasonably concluded having been given a site plan layout for this barber shop that it would have a lesser impact than a grocery store to the surrounding area. The Board could have used its everyday experience to conclude that a barber shop of this size and layout would have a lesser impact than a grocery store to the surrounding area. Facts supporting the Board's decision would also include knowledge acquired by a board member through personal observation of the site provided it is reflected CT Page 7086 in the record. The Board found in this case, "the establishment and allowances of a haircutting salon, a service business, is a reduction in non-conformity and impact from the previous non conforming use . . .a retail grocer." (Record V.)
This court cannot substitute its judgment on the issue of whether the new use is of a lesser impact to the surroundings. Oakwood Development Corporation v. Zoning Board of Appeals,20 Conn. App. 458. The Board did not abuse its discretion or act arbitrarily.
Accordingly, the appeal is dismissed.
FRANK S. MEADOW, J.