[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Glastonbury Town Planning Zoning Commission approving the Town of Glastonbury's special permit application to allow the CT Page 5114-K expansion and improvement of two Little League fields located in an area known as Butler Field in Glastonbury.
The facts giving rise to this appeal are largely undisputed. The Town of Glastonbury filed a special permit application for permission to construct a sixty-five car parking lot, install security lighting and expand one of the two baseball fields at Butler Field. Butler Field is located at 201-221 Forest Lane and is designated as lot numbers N/6 and N/7 on the Town Assessor's map. The application, filed in the name of the Town of Glastonbury, was signed by Richard Johnson, the Town Manager and by Raymond Purtell, the Director of Parks and Recreation. The application did not note that either Mr. Johnson or Mr. Purtell signed the application in their official capacity.
As required by General Statutes § 8-3 notice of the application appeared in the Glastonbury Citizen. That notice stated: "Appl. of Town of Glastonbury for a Sec. 12 Sp. Prmt. w/Des. Rev.-Butler Field Renovations and Improvements-Forest Lane Reserved Land Zone." The notice did not specify the street location or refer to the assessor's map and lot numbers, and did not direct the public's attention to the application on file. With regard to the application itself, no plans or specifications accompanied it, but instead were filed on the day of the public hearing. Finally, once the hearing was commenced, the plaintiffs requested and received a two day continuance in order to provide them with additional time to review and respond to the special permit application. At the conclusion of the hearing, the special permit was approved. Plaintiffs now appeal from that decision.
The plaintiffs raise three claims in their appeal. The first is that the published notice of the hearing was defective in that it failed to identify by street address or lot number the precise location of the proposed renovations. The second is that their constitutional due process rights were violated as a result of a combination of procedural irregularities pertaining to the notice and hearing process. Finally, the plaintiffs allege that, on the merits, the special permit should not have been granted because the application failed to comply with the requirements for granting a special permit.[1]
The plaintiffs first argue that the legal notice of the hearing, as published in the Glastonbury Citizen, was defective because it failed to identify the specific location of the property, by reference either to the street address or the lot CT Page 5114-L number as set forth in the Tax Assessor's map. The legal principles governing this claim are well established.
"Compliance with statutorily prescribed notice requirements[2] is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a jurisdictional defect. The primary reason for requiring notice is to advise all affected parties of their opportunity to be heard and to be appraised of the relief sought. Adequate notice enables parties who have an interest in the subject property to know what is projected and to have an opportunity to protest. Constructive, rather than actual notice, is required so that as much of the populace as possible is constructively notified of the proposed action. A defect in the content of the notice cannot be cured by proof that some members of the public received actual notice, or appeared at the hearing. Before this court can conclude that any action taken by the board is valid, the notice provision must be complied with fully . . . Compliance with notice requirements that have been set down by a formal statutory prescription is an essential component to the effectiveness of a board's actions. When a published notice is lacking, `just as good' usually will not do." Peters v. Environmental Protection Board, 25 Conn. App. 164,168-69 (1991) (internal quotations and citations omitted). Notice is adequate which "fairly and sufficiently apprise[s] those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." Kleinsmith v. Planning Zoning Board of Appeals, 157 Conn. 303, 310 (1968). Whether notice is adequate is a factual determination for the court. Id.
While the notice in this case unquestionably could have been more specific by providing the precise street address or map location of the property, use of the name of the ball field — Butler Field — is sufficient to constructively apprise interested persons of the location of the property in question. The purpose of the § 8-3 notice requirement is to provide a reasonable opportunity to the public to be informed of the location of the property and the proposed action. Id. That requirement is satisfied when, under the circumstances of this case, property which has been utilized by the Town for over fifty years as a recreation area, is identified by its commonly known name.
While the plaintiffs rely on Peters v. EnvironmentalProtection Board, supra, that case is distinguishable from the CT Page 5114-M present case. In Peters, the notice which was found to be defective merely stated that a public hearing would be held to consider the applicants "activities on Stillwater Road." No location or other identifying information was provided. Consequently, the court concluded that "[r]eferring to the subject property by street name only in a legal notice does not suffice to apprise as much of that populace as possible of the proposed construction." In this case, by contrast, reference to the commonly known description of the property, which, by definition, is a specific, identifiable piece of property, is adequate to comply with § 8-3. See, also, Welles v. EastWindsor, 185 Conn. 556 (1981) (finding defective a notice that referred to the proposed building site "on Woolam Road adjacent to the Town Highway garage [because] the term `adjacent' has no fixed meaning . . ."
The plaintiffs next claim that a variety of procedural irregularities, when taken together, constitute a violation of their constitutional due process rights. In addition to alleging that the notice was defective, the plaintiffs also assert that the application was defective because the signators, the Town Manager and the Director of Parks and Recreation, did not note that they were signing the application in their official capacity as town officials. The plaintiffs further allege that a complete application was not filed until the day of the hearing and that the dates referred to in the application are inconsistent with the claim that other town agencies performed their mandated review of the application. Together, the plaintiffs argue that these defects deprived them of their right to adequately prepare for the hearing in violation of their due process rights.
It is not necessary to determine whether the violations asserted by the plaintiffs amount to a violation of due process because the plaintiffs have not demonstrated that they possess a cognizable property or liberty interest protected by the Due Process Clause of the 14th Amendment to the United States Constitution. In Double I Limited Partnership v. Plan ZoningCommission, 218 Conn. 65 (1991), our Supreme Court rejected a claim virtually identical to that raised by the plaintiffs in this case. In Double I, the plaintiffs, abutting landowners, asserted that by virtue of General Statutes § 8-3 they were entitled, as a matter of due process, to receive actual notice of the hearing in question. In rejecting that claim the Court concluded that, "[a] party seeking to demonstrate a property interest entitled to protection under the due process clause CT Page 5114-N cannot `simply rely upon the procedural guarantees of state law or local ordinance.' A statute or ordinance providing procedural guarantees does not create a constitutionally protected property interest unless it sets forth substantive criteria that limit the discretion of the decision making body . . . [A] party whose asserted property interest is not related to the substantive criteria but rather is grounded solely in the procedures set forth in the statute does not have a constitutionally cognizable property interest." 218 Conn. at 78.
Because plaintiffs' claim of a due process deprivation is based on a combination of procedural irregularities which arise, apparently, from unidentified violations of either § 8-3 or the Town Zoning Regulations, they have failed to demonstrate a protected property interest under the due process clause. Plaintiffs' claim, in short, falls squarely within the rule ofDouble I. "The opportunity granted abutting landowners and aggrieved persons to appeal decisions of planning and zoning commissions and boards of appeal is purely procedural and does not give rise to an independent interest protected by thefourteenth amendment." Id. at 80.
The plaintiffs' final claim is that the Town's application failed to satisfy the requirements for granting a special permit, as set forth in the Town of Glastonbury Zoning Regulations, § 12.4. § 12.4 sets forth eleven factors the defendant is required to consider in evaluating a special permit application. The plaintiffs argue that the record fails to demonstrate a factual basis for concluding that these factors have been satisfied.
It is axiomatic that when acting upon a special permit a zoning commission acts in an administrative capacity. Sheridanv. Planning Board, 159 Conn. 1 (1970). The commission's function is to determine whether: (1) the proposed use of the property is expressly permitted under the zoning regulations; (2) the standards in the regulations are satisfied; and (3) conditions necessary to protect public health, safety, convenience and property values, as required by General Statutes § 8-2, can be established. Housatonic Terminal Corp. v. Zoning Board of theCity of Milford, 168 Conn. 304 (1975).
If a special permit application conforms with the standards in the statutes and the agency s existing regulations it must be approved. A.P. W. Holding Corporation v. Planning ZoningCT Page 5114-OBoard, 167 Conn. 182 (1988). A special permit can be denied only for failure to meet specific standards in the regulations, and not for vague, general reasons. Id.
When reviewing a special permit decision, the Court determines whether the reasons given are reasonably supported by the record and pertinent to the zoning regulations. HousatonicTerminal Corp. v. Zoning Board, supra. "The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." Oakwood Development Corporation v. ZoningBoard of Appeals, 20 Conn. App. 458, 460 (1990).
A review of the record in this matter demonstrates that the Commission's decision to approve the special permit is adequately supported by the record, and that the decision of the commission "reflects and honest judgment reasonably exercised." Id.
Accordingly, the plaintiff's appeal is dismissed.
SO ORDERED.
Robert L. Holzberg, J.