[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
I. History
This is an appeal from the action taken by the Planning and Zoning Commission of the Town of East Windsor ("Commission") on the May 14, 1996 application ("1996 application") of the plaintiff ("Ike") for renewal and modification of a special use permit authorizing the sale of alcohol at 2 North Road, East Windsor ("premises"), which was originally granted to Ike on January 10, 1995 ("1995 permit").
The following history, gleaned from the record, is necessary to put the issues in this appeal in context:
 The 1995 permit authorized, for one year, the sale of alcohol on the premises, subject to 16 conditions ("original conditions"), one of which is the subject of this appeal, to wit:
 16. No one under 21 shall be permitted on the premises (other than employees) except during non-alcoholic special events." ("Condition 16");
 At the public hearing on Ike's request for the 1995 permit, Ike agreed with the Commission that the 1995 permit should be issued subject to, inter alia, Condition 16;
 On October 23, 1995, Ike applied for an amendment to the 1995 permit, and that application was denied. Ike appealed that denial, and that appeal was consolidated with this appeal. Subsequently, that appeal was withdrawn by Ike;
 On May 14, 1996, Ike filed the 1996 application in which it requested renewal of the 1995 permit and modification or termination of several of the original conditions. The Commission, inter alia, renewed the 1995 permit for a period ending August 13, 1997 and denied the request to terminate Condition 16.
CT Page 13476
II. Issues Presented
This appeal concerns only the denial of Ike's request in the 1996 application to terminate Condition 16, and it raises the following issues:
 Is this appeal moot because the 1996 renewal of the 1995 permit has now expired?
 Has the state preempted the authority of zoning agencies to impose conditions, like Condition 16, on premises on which the state has authorized the sale of alcohol?
 Can a zoning agency, acting in a non-legislative capacity, base a decision on a community mandate?
DISCUSSION
I. Mootness
Because the period for which the 1995 permit was renewed expired in August 1997, this appeal is, in a traditional sense, moot. However, courts have crafted an exception to the mootness doctrine for issues "capable of repetition yet evading review."Loisel v. Rowe, 233 Conn. 370, 378 (1995). TheLoisel court established three requirements for the application of this exception, as follows:
 First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Id., 383.
A. Limited Duration CT Page 13477
The 1995 permit, the Commission's 1996 renewal of the 1995 permit and a 1997 renewal by the Commission of the 1995 permit (which, while not a matter of record in this appeal, has been reported to the court by counsel) have all been for periods of one year. The appeal of a land use decision cannot generally be concluded within one year, and because the Commission has established a pattern of granting one year renewals of the 1995 permit, it is very likely that judicial review of any future action by the Commission concerning a subsequent renewal of the 1995 permit cannot be had before the expiration of such a one-year renewal. Therefore, this appeal meets the first prong of the "capable of repetition yet evading review" exception.
B. Question Arising in the Future
If not resolved in this appeal, the Commission's authority to impose Condition 16 on Ike, and the validity of the reasons for such an imposition, are likely to be the subject of future litigation. Therefore, the second prong of the "capable of repetition yet evading review" exception is met by this appeal.
C. Public Importance
 This appeal raises inter alia the following questions which can be argued to be of public importance:
 1. Has the General Assembly preempted zoning agencies from imposing restrictions on premises for which the state has granted permits for the sale of alcohol? and,
 2. Can a zoning agency base a decision on a community mandate?
The court finds these questions are of sufficient public importance to meet the third prong of the "capable of repetition yet evading review" exception.
The court finds that the other issues raised by Ike in this appeal do not meet the public importance prong, and they are therefore found to be moot.
II. Preemption CT Page 13478
Whether the Commission had the authority to refuse to terminate Condition 16 requires the same analysis as would be required to decide whether the Commission has the authority, absent consent from an applicant, to impose Condition 16. That analysis requires a review of the relevant sections of the General Statutes, the Zoning Regulations of East Windsor ("Regulations") and case law.
Section 8-2 (a) of the General Statutes ("§ 8-2[a]") provides that municipal zoning regulations may authorize the imposition of conditions on special permits, as follows:
 The zoning commission of each city, town or borough is authorized to regulate . . . (S)uch regulations . . . may provide that certain classes or kinds of buildings, structures or uses of land are permitted only after obtaining a special permit . . . subject to standards set forth in the regulations and to conditions necessary to protect the public health, safety, convenience and property values.
Section 8.1.5 of the Regulations authorizes the Commission to grant special permits for the sale of alcohol. Section 2.7.6 of the Regulations ("Section 2.7.6"), the relevant portions of which are set out below, authorizes the Commission to attach conditions to special permits, as follows:
2.7.6 Conditions
 In granting any Special Use Permit, the Commission may attach additional or more stringent standards than are ordinarily required for permitted uses in order to protect the public health, safety and welfare and the surrounding area. . .
Clearly, the authority vested in the Commission by § 2.7.6. is within the scope of § 8-2 (a).
Ike argues that:
 a) Section 30-90 of the General Statutes ("§ 30-90") allows minors to be on premises where alcohol is sold, so long as they are not in a room where a bar is located; and
CT Page 13479
 (b) In adopting § 30-1, et seq., of the General Statutes ("Liquor Control Act"), including § 30-90, the legislature preempted municipal regulation of liquor uses (other than as to location); so that,
 (c) In refusing to terminate Condition 16, the Commission invaded the exclusive jurisdiction of the state.
The same argument was made in P.X. Restaurant, Inc. v.Windsor, 189 Conn. 153 (1983), where the court observed:
 It is. . . reasonable. . . to imply that liquor premises are subject to local zoning ordinances which involve matters other than location. Once a liquor location is approved there may be additional health, safety and welfare factors unrelated to the fact that liquor will be sold at that location. These are zoning matters of local concern and thus are within the expertise of local authorities. (Citation omitted.) Id., at 160.
While the facts in P.X. Restaurant are distinguishable from those in this appeal, the proposition that municipalities can regulate aspects of alcohol other than location does not appear to have been repudiated in subsequent case law. Thus, P.X. Restaurant stands for the proposition that concurrent state and local jurisdiction over some aspects of alcohol regulation is to be tolerated. However,P.X. Restaurant also makes it clear that, in the event of conflict, state regulation prevails, by paraphrasing with approval the following excerpt from Connecticut TheatricalCorporation v. New Britain, 147 Conn. 546 (1960):
 When an ordinance and a statute conflict, the statute prevails. But where the General Assembly has delegated to the local government the power to deal with a particular field of regulation, the fact that a statute regulates the same subject in a limited way does not, ipso facto, deprive the local government of the power to act in a more comprehensive, but not inconsistent, manner. (Underlining added.) (Citation omitted.) Id., at 552.
CT Page 13480
From the above, it is held that the Liquor Control Act does not preempt the Commission from regulatory jurisdiction in places where alcohol is sold, so long as such authority is exercised in a manner which does not conflict with the provisions and administration of the Liquor Control Act. Therefore, the question becomes whether Condition 16 conflicts with § 30-90.
Section 30-90 provides:
 Loitering on permit premises. Any permittee who, by himself, his servant or agent, permits any minor or any person to whom the sale or gift of alcoholic liquor has been forbidden according to law to loiter on his premises where such liquor is kept for sale, or allows any minor other than a person over age eighteen who is an employee or permit holder under section 30-90a or a minor accompanied by his parent or guardian, to be in any room where alcoholic liquor is served at any bar, shall be subject to the penalties of section 30-113.
Section 30-90 excludes a minor who is neither a permittee nor accompanied by a parent from being in a barroom. The court cannot draw from that exclusion the inference that the legislature intended that minors must have unrestricted access to all other rooms on premises where alcohol is sold. Accordingly, it is held that § 30-90 does not preempt zoning agencies from regulating the presence of minors on permitted premises.
III. "Community Mandate"
In Oakwood Development Corp. v. Zoning Board ofAppeals, 20 Conn. App. 458 (1990), the court said:
 Where a zoning authority has expressed the reasons for its decision, a reviewing court "may only determine if the reasons given are supported by the record and are pertinent to the decision," and the authority's action "`must be sustained if even one of the stated reasons is sufficient to support it.'" (Citations omitted.) Id., at 460-461.
That portion of the minutes ("quoted minute") of the Commission's meeting of August 13, 1996 ("August 13 meeting"), at which Ike's request to terminate Condition 16 was denied, which CT Page 13481 is captioned "Reasons For Denial", states:
 Commissioner Gowdy felt it was clear after all the Public Hearings that the Police Department, the Education Department, and the townspeople have given the Commission a clear mandate that they don't want minors being mixed with adults in a drinking situation, and, as an educator within this community it is a difficult situation and it is within the Commission's privilege to deny. Commissioner Filipone cited the original reasons to deny the application were based on sound reasoning and these decisions are still supported by the same reasons. Chairman Howell felt within the community the Commission has the right to regulate things and this community doesn't want the mixing of minors and adults. Commissioners Kiss and Guilano concurred with the reasons stated by Commissioners Gowdy, Filipone, and Howell.
The record discloses that the five commissioners referenced in the quoted minute were the only members of the Commission present at the August 13 meeting.
While the Commission did not adopt a formal resolution expressing its reasons for denial, the quoted minute reflects clearly that each commissioner did state his or her personal rationale for denial, and the court takes those statements to constitute "the reasons for its decision."[1]
The only Connecticut case which has come to the court's attention which deals with the question whether a zoning agency, when acting in a non-legislative capacity, can base a decision on community desires is TCR New Canaan v. Planning and ZoningCommission, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 384353 (March 5, 1992), 6 CONN. L. RPTR. 91 (1992), in which Judge Berger noted, at 63:
 "Zoning is not to be based upon a plebescite of the neighbors. Their wishes are to be considered but the final ruling is to be governed by the basic consideration of the benefit or harm involved to the community at large." Arkenberg v. City of Topeka, 421 P.2d 213, 219 (1966). Or as stated by CT Page 13482 another court: "(I)n exercising their zoning powers, the local authorities must act for the benefit of the community as a whole following a calm and deliberate consideration of the alternatives, and not because of the whims of either an articulate minority or even majority of the community." Udell v. Haas, 288 N.Y.S.2d 888, 893 (1968).
The court finds the quoted excerpt from TCR NewCanaan persuasive, and it is held that the community mandate referred to by Commissioners Gowdy and Howell, and concurred in by Commissioners Kiss and Guilano, could not support the Commission's decision to deny the request to terminate Condition 16.
CONCLUSION
Because this appeal is from the Commission's refusal to delete Condition 16 when it renewed the 1995 permit for the period ending August 13, 1997, and because that renewal has now expired, there is no practical relief which the court can provide. Understanding that this decision only has the effect of a de facto declaratory judgment, the appeal is nonetheless sustained as to the Commission's reliance on a community mandate for its decision. The appeal is denied as to the claim of preemption by the state, and the other grounds of appeal are dismissed for mootness.
LEVINE, G., J.