[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robert Mathison and Emory Palmer, applied to the Newtown Planning Zoning Commission seeking approval of a 15 lot subdivision.
The proposed subdivision, located in an R-I Zone, involves a parcel of land consisting of 31.263 acres.
The application was dated December 4, 1996.
The property in question is located on Alpine Drive, a public highway in the Town of Newtown.
The defendant, Planning Zoning Commission, conducted an initial public hearing on March 6, 1997 (ROR #1). The public hearing was continued on two subsequent dates (ROR #2 and #3), prior to the defendant Commission acting on the plaintiffs' application.
On May 8, 1997, the Newtown Planning Zoning Commission denied the plaintiffs' subdivision application. The reason given for the disapproval is that the Commission contends that the application "does not comply with Section 4.01.440 of the Subdivision Regulations."(ROR #63.)
That section reads as follows:
 No permanent of temporary dead-end street or series of dead-end streets intersecting with each other shall provide the CT Page 1949 required street frontage or provide sole access to an existing street for more than 15 dwellings total. This restriction shall apply to a series of streets or a street making a loop with itself provided that such streets have only one intersection with an existing street.
The subdivision proposal sought to create fifteen building lots (ROR #12). An A-2 survey was prepared in accordance with accepted standards, showing the 31.263 acres divided into fifteen lots. Two new roads are shown on the survey, Ironwood Drive and Watch Hill Road.
Alpine Drive, also known as Alpine Circle, a road accepted by the Town of Newtown in 1994, is also shown, Watch Hill Road and Alpine Circle intersect (ROR #68).
Necessary approvals were obtained from the fire marshall (ROR #14), the Newtown Conservation Commission (ROR #46 and #48), and the Newtown Health Department (ROR #50).
The subdivision plan was found to be in compliance with the sedimentation control regulations of the Newtown Planning Zoning Commission (ROR #68). The Board of Selectmen approved the names of the proposed streets (ROR #17), and further approved work which the plaintiffs agreed to perform at the intersection of Watch Hill Road and Alpine Drive (ROR #61 and #62).
Although there was some discussion by the members of the Newtown Planning Zoning Commission of reasons for disapproval of the subdivision application unrelated to § 4.01.440 of the subdivision regulations (ROR #8), the Commission's official reason is contained in a letter of May, 1997 (ROR #63).
Both during oral argument and in its brief, the defendant Commission argued only the plaintiffs' alleged failure to comply with § 4.01.440 as the basis of the denial. The Commission argued that the plaintiffs had failed to comply with that section because Alpine Drive was not an "existing street."
The plaintiffs, Robert Mathison and Emory Palmer, are the owners of the property which is the subject of the application. (Exhibit 2, Quitclaim Deed.) A party claiming to be aggrieved by the decision of the Commission, must meet a twofold test. First, he must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinct from a general interest concerning all members of the community. Second, he must establish that his specific personal and legal interest has been CT Page 1950 specifically and injuriously affected by the decision. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991);Nader v. Altermatt, 166 Conn. 43, 51 (1974); State Medical Society v.Board of Examiners in Podiatry, 203 Conn. 295, 299-300 (1987).
Clearly, the disapproval of the subdivision application meets the requirement of special injury, and the plaintiffs are aggrieved by the decision of the Commission.
A municipal planning commission, in exercising its function of approving or disapproving a subdivision plan, acts in an administrative capacity rather than as a legislative, judicial or quasi-judicial agency. It has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. Reed v. Planning Zoning Commission, 208 Conn. 431, 433 (1988); Langbein v. Planning Board,145 Conn. 674, 679 (1958).
Subdivision regulations must contain known and fixed standards applying to all cases of a like nature. Ghent v. Planning Commission,219 Conn. 511, 517 (1991). The criteria contained in the regulations must be as precise as the subject matter requires, and must be sufficient both to guide the commission and to enable those affected to know their rights and obligations. Sonn v. Planning Commission, 172 Conn. 156, 159
(1976).
The defendant seeks to uphold its disapproval of the subdivision plan by claiming that the term "existing street" means only a street in existence on October 2, 1967, the date on which the predecessor section to § 4.01.440 was adopted by the Commission. Thus, it seeks to exclude Alpine Drive from the definition of "existing street," despite the fact that it was an approved street on the date the plaintiffs filed their subdivision proposal.
The defendant points to no language in the regulations themselves defining "existing street" in the fashion advocated. No provision of the subdivision regulations distinguishes between town roads approved prior to October 2, 1967, and those approved or accepted after that date.
The defendant admits that a prospective developer must look outside the subdivision records, outside the record maps, and outside the land records, in order to determine the date on which a road was approved by the town.
The record further reveals that if the Commission desired to amend its regulations to incorporate a specific date into the provisions of § CT Page 1951 4.01.440, it had ample opportunity to do so prior to the date of the plaintiffs' application, December 4, 1996.
The precise section in question, § 4.01.444 was the subject of litigation in Paula Y. Denike. et al. v. Planning and Zoning Commission ofthe Town of Newtown et al., (1996 WL 218607), Leheny, J.
The court in Denike determined that § 4.01.440 applied only to proposed streets within a subdivision, not to existing town roads outside the subdivision.
In this case Alpine Drive is outside the proposed subdivision.
The defendant, Newtown Planning Zoning Commission, received a letter dated May 14 1996 concerning the Denike decision. The Commission was informed by its attorney that the question of when a street becomes an "existing street" was not answered. (ROR #56.) The October 2, 1967 date is suggested in the letter, but was never incorporated into the regulations.
The record further reveals that it was suggested to the Commission that a clear definition of "existing street" be adopted. (ROR #57.)
Clearly, the defendant Commission had it within its power to amend its subdivision regulations but failed to do so.
A court must not substitute its judgment of facts for factual determinations properly within the province of a commission. OakwoodDevelopment Corporation v. Zoning Board of Appeals, 20 Conn. App. 458,460 (1990). However, no dispute as to facts found is presented here.
The question posed is whether the Newtown Planning Zoning Commission can supplement its regulations by implication, and adopt a definition of "existing street" which it has declined to incorporate specifically into those regulations.
By attempting to read into § 4.01.440, the requirement that "existing street" means one approved prior to October 2, 1967, the Commission is amending and altering its regulations, rather than applying the clear provisions of those regulations to the subdivision proposal before it.
The Commission acts in an administrative capacity, and is authorized only to apply the requirements set forth in the regulations to the facts. Because the regulations do not define "existing street" in the manner adopted by the Commission, the Commission has exceeded its authority. CT Page 1952Reed v. Planning Zoning Commission, supra at 435-36.
This case does not involve any needed clarification of an ambiguous term or provision. Although, in construing subdivision regulations, rules of statutory construction apply, the Commission is limited by the power conferred upon it by its regulations. Smith v. Zoning Board of Appeals,227 Conn. 71, 89 (1993). The Commission may not, as it has attempted here, obfuscate an otherwise reasonable, clear and unambiguous regulation, by affixing to that regulation language found nowhere in the text of the regulations.
The plaintiffs' appeal is SUSTAINED, and the defendant, Newtown Planning Zoning Commission, is ORDERED to approve the plaintiffs' subdivision application, dated December 4, 1996.
Radcliffe, J.